**UNITED STATES of America,
Appellant,**

v.

**Theron C. LYND, Circuit Clerk and Registrar of Voters of Forrest County; and the State of Mississippi, Appellees.**

Nos. 19576, 22477.

United States Court of Appeals
Fifth Circuit.

June 16, 1965.

See also 334 F.2d 13, 349 F.2d 790.

John Doar, Asst. Atty. Gen., D. Robert Owens, Harold H. Greene, Attys., Dept. of Justice, Washington, D. C., for appellant.

M. M. Roberts, Francis T. Zachary, Hattiesburg, Miss., Peter M. Stockett, Jr. Dugas Shands, Asst. Attys. Gen., Joe T. Patterson, Atty. Gen., Jackson, Miss., for appellees.

Before BROWN, WISDOM, and BELL, Circuit Judges.

GRIFFIN B. BELL, Circuit Judge:

This case involves the right of Negroes to vote in Forrest County, Mississippi. It reaches here on appeal only after a long and circuitous journey.

Suit was filed on July 6, 1961 against Mr. Lynd and the State. The United States moved for an injunction in this court pending appeal upon the refusal of the District Court to grant a preliminary injunction after a three day hearing in March, 1962. The matter was heard in this court on April 6, 1962 with the result that an injunction pending appeal prohibited discrimination against Negroes in the registration process was entered on April 10, 1962. United States v. Lynd, 5 Cir., 1962, 301 F.2d 818.

Thereafter and in the same month, the United States alleged that Mr. Lynd had violated the terms of the injunction. A rule nisi was issued by this court on May 1, 1962 requiring Mr. Lynd to show cause why he should not be held in civil and criminal contempt. He was tried on the rule in Hattiesburg, Mississippi by the present panel of this court in September, 1962, and an order adjudicating him in civil contempt was entered on July 15, 1963. No action has been taken to date relative to disposition of the criminal contempt charge. The civil contempt order required Mr. Lynd to meet certain conditions in the registration procedures which were designed to prevent discrimination against Negroes, and also to register certain applicants previously denied registration. He took all action required of him at the time, and agreed in writing to abide the terms of the order.

Meanwhile, no further proceedings had been had in the District Court on the case and this court, also under date of July 15, 1963, ordered a prompt trial on the merits with the injunction of April 10, 1962 to remain in full force and effect until such time as the District Court finally disposed of the case. United States v. Lynd, 5 Cir., 1963, 321 F.2d 26. The case was tried on the merits in the District Court during April, 1964 and the final decision of that court was entered on January 20, 1965. It forms the subject matter of this appeal.

During this period of delay in the District Court after July 15, 1963, the United States alleged in this court that Mr. Lynd was violating the terms of the injunction of April 10, 1962 and the civil contempt order in the registration process by using a double standard in the administration and grading of the tests which form a part of the application for registration as between white and Negro applicants, and by failing to comply with the terms of the order respecting assistance to applicants. The rule nisi issued on that complaint was heard in conjunction with the argument of this appeal and a separate order is being simultaneously entered thereon.

I.

There are five assignments of error to be considered. They relate to the failure of the District Court to make a specific finding as to whether the discrimination in question was pursuant to a pattern or practice, and if so whether it was error to fail to grant relief by way of freezing. It is also asserted that the court erred in not requiring the registrar to submit periodic reports on voter registration to the court, and to preserve and make available voter registration records. The other assignments have to do with the failure of the court to award costs to the United States, and to the terms of the order respecting the future conduct of applicants for registration and those representing and acting in concert with them in the environs of the courthouse.

II.

With respect to the question of whether the District Court must make a finding that the discrimination did or did not result from a pattern or practice, our decision is controlled by the previous decisions of this court in United States v. Duke, 5 Cir., 1964, 332 F.2d 759; United States v. Mayton, 5 Cir., 1964, 335 F.2d 153; United States v. State of Mississippi (Walthall County), 5 Cir., 1964, 339 F.2d 679; and United States v. Ward, 5 Cir., 1965, 345 F.2d 857 (slip opinion dated May 25, 1964). We held in those cases that 42 U.S.C.A. §

1971(e) requires such a finding where, as is the case here, it is sought. The District Court relied on United States v. Ramsey, 5 Cir., 1964, 331 F.2d 824 as authorizing a postponement of this question in the discretion of the court, but our view is that the issue of whether such a finding is mandatory when sought was pretermitted in that case. See the opinion on rehearing. p. 838

■ The question now comes to us after final hearing and there is no necessity for it to be further considered on remand. We hold that the evidence as a matter of law demands a finding that the discrimination with which this case is concerned was pursuant to a pattern or practice within the meaning of § 1971 (e) supra.

### III.

■ This brings us to the subject matter of relief by way of freezing. As is now settled in the decisions of this court, such relief is in order where discrimination has resulted from a pattern or practice. United States v. Duke, supra; United States v. State of Mississippi (Walthall County), supra; United States v. Ward, supra. We hold that such relief is demanded in this case. It is the duty of the court to render a decree which will insofar as possible eliminate the discriminatory effects of the past as well as bar like discrimination in the future. See Louisiana v. United States, 1965, 380 U.S. 145, 85 S.Ct. 817, 13 L.Ed.2d 709, enjoining this standard upon the lower federal courts. See also United States v. State of Alabama, 5 Cir., 1962, 304 F.2d 583, affirmed, 371 U.S. 37, 83 S.Ct. 145, 9 L.Ed.2d 112.

The relief to be granted by way of freezing has had the careful consideration of this court. The registration accommodations available, the number of Negroes who may seek registration, and the past discriminatory .record in Forrest County have all been weighed. The District Court is directed upon remand to enter forthwith the following judgment in this matter:

"In accordance with and pursuant to the opinion of the United States Court of Appeals for the Fifth Circuit in the within matter, this court finds that the successive registrars of voters of Forrest County, Mississippi have engaged in acts and practices which have deprived Negro citizens of Forrest County of their right to register to vote without distinction by reason of race, and that such deprivation has been pursuant to a pattern or practice of discrimination against Negro citizens in the registration processes in Forrest County, Mississippi.

"By virtue of and pursuant to the mandate of the United States Court of Appeals for the Fifth Circuit in this cause, it is ordered, adjudged, and decreed by the Court that Defendant Theron C. Lynd, his agents, officers, employees and successors in office be and each is hereby permanently enjoined from

"1. Engaging in any act or practice which involves or results in distinctions based on race or color between Negro citizens and other citizens in the registration for voting process in Forrest County, Mississippi.

"2. Determining the qualifications of citizens in Forrest County, Mississippi in any manner or by any procedure different from or more stringent than the following which have heretofore been used by registrars of Forrest County and their agents in determining the qualifications of white applicants:

"(a) He is a citizen and is or will be 21 years of age or older at the time of the next election;

"(b) He, at the time of the next election, has or will have resided in the State two years and in the election district in which he intends to vote one year;

"(c) He embraces the duties and obligations of citizenship as demonstrated by his willingness to take and sign the oath to bear allegiance to the Constitution of the United States and the State of Mississippi; provided, however, that any errors or omissions in filling out or signing the oath on the application form shall not be a basis for rejection, except that an applicant may be rejected if he refuses to sign the oath (or affirmation) after being shown by the registrar or his agent where to sign;

"(d) He is not disqualified by reason of conviction of a disqualifying crime, insanity or idiocy;

"(e) He is able to demonstrate a reasonable ability to read and write by completion of Questions 1–18 of the application form with informational assistance by the registrar or his agents, as needed; provided, however, the section of the Mississippi Constitution to be copied under question 18 shall in no event exceed two lines as printed in the Mississippi Constitution, Mississippi Code of 1942. The registrar is ordered to judge the literacy of applicants on the basis of responses to these questions, but in judging literacy, the registrar is further ordered not to take into account bad handwriting and spelling so long as the answers to the questions are legible and responsive, provided that no applicant shall be rejected for an error or omission in his application which is not material in determining whether the applicant meets the substantive requirements set out in paragraph 2(a), (b), (c), and (d); nor shall any applicant be rejected for any other error or omission relating to his substantive qualifications as set forth in paragraph 2(a), (b), (c), and (d) in his application unless such error or omission has been specifically pointed out and explained to him by the registrar or his agent and the applicant refuses to supply the requested information. The provisions of this paragraph 2 shall remain in full force and effect until such time as: (a) The proper local officials of Forrest County, Mississippi, order an entirely new registration of all voters in Forrest County. No such registration shall take place, however, until the officials conducting the registration shall notify all of the parties to this suit of the requirements, standards, and procedures to be used for such reregistration by the filing of a petition or motion, and until a hearing can be held by this Court and findings made that the requirements, standards and procedures to be used insure that such reregistration will comply fully with the Constitution and laws of the United States and the valid constitutional provisions and laws of the State of Mississippi and that no discrimination by reason of race or color will be made in the administration of the registration procedures in said new registration; In the event of such a new registration, each applicant shall be subjected to the same procedures and be required to meet the same standards as every other applicant without regard to whether or when he had been previously registered to vote; provided also that it has been shown to the satisfaction of this Court that the effect of the pattern or practice of discrimination against Negroes seeking to register to vote in Forrest County have been overcome, and provided further, no such showing may be made to this Court until after two years from the entry of this Judgment. Any modification of the requirements of this paragraph 2 shall be consistent with the provisions of Sec-

tion 101(a) of the Civil Rights Act of 1964, and any amendment thereto.

"3. It is further Ordered that defendant, Theron C. Lynd, shall review in light of the requirements in this Order the application forms of those rejected Negro applicants who applied during his tenure in office and who are not now registered, and whose names and applications in a number not to exceed 350 are submitted to him by the United States, and register all such citizens who meet the requirements of this Order. He shall promptly notify them by United States mail of the fact that they have been registered and request that they sign the voter registration book. Within sixty days after entry of this Order the defendant shall submit to this Court a list with a copy to Plaintiff's attorneys of those applicants in the group who are registered in accordance with this paragraph, and a list of those not registered in accordance with this paragraph and the specific reasons for failing to register them.

"4. It is further ordered that defendant Theron C. Lynd, his agents, employees, and successors in conducting registration of voters in Forrest County, Mississippi, are enjoined and ordered to:

"(a) Afford each applicant for registration an opportunity to apply and complete the application form whether either the registrar or a deputy registrar is present;

"(b) Advise each applicant, when he or she applies, whether the applicant is accepted or rejected; if accepted, the applicant must be registered at that time; if rejected the applicant must be informed of the reason or reasons for his rejection and must be advised of his right to apply directly to this Court to be registered as provided in paragraph 5 hereof.

"(c) Receive and process each applicant as expeditiously as possible to the extent that the physical facilities of the registration office permit but in no case less than six applicants at one time and in no case refuse to process fewer than six applicants at one time. The office of the registrar shall be open during the office hours observed by defendant Lynd in his capacity as the clerk of the courts of Forrest County for registration from Monday through Friday of each week except on holidays during the twenty four month period following the entry of this order.

"5. Any applicant for registration hereafter rejected or not given the opportunity to apply by the defendant Lynd, his agents, employees, or successors, may in accordance with 42 U.S.C. 1971(e) apply to this court, or to a voting referee to be appointed by and in the discretion of this court no more than 20 days after receipt by the court of the first application, to have his qualifications determined. The court or such referee shall register all such applicants who meet the standards established in this order.

"6. It is further ordered that the defendant Lynd, his agents, employees, and successors in office shall file a written report with the clerk of this Court and shall mail a copy thereof to the Plaintiff's attorneys on or before the tenth day of each month. Said reports shall contain the name and race of each applicant for registration from the previous monthly period, the date of the application, the action taken on the application, and if the applicant is rejected, the specific reason or reasons for rejecting the application. The first of such reports shall be submitted on the tenth day of the month following the date of this order and shall cover and include the aforementioned information for the period

from the date of the last application form, which is March 13, 1964 through the month immediately preceding the issuance of the first report: Provided however that defendant Lynd shall be allowed twenty days from the date hereof to file the first report in the event twenty days would not be available otherwise under the provisions of this paragraph.

"7. The defendant Lynd, his deputies, agents, and successors in office shall, until further order of this Court, make the registration records of Forrest County, Mississippi available to attorneys or agents of the United States at any and all reasonable times in the circuit clerk's office in Hattiesburg for the purpose of inspection, copying, and photographing.

"8. Jurisdiction is retained of this cause for all purposes and especially for the purpose of issuing any and all additional orders as may become necessary or appropriate for the purposes of modifying and/or enforcing this order.

"9. Costs in this Court are awarded to plaintiff."

### IV.

■ Paragraph 9 of the order to be entered on remand, supra, awards costs to the United States. This provision of the order follows the mandate of Rule 54(d), F.R.Civ.P. The District Court is vested with discretion in awarding costs but no showing whatever was made which would serve as a basis for the District Court, in its discretion, to relieve defendant from the imposition of costs. See Chicago Sugar Co. v. American Sugar Refining Co., 7 Cir., 1949, 176 F.2d 1; and Nuzzo v. Rederi A/S Wallenco, Stockholm, Sweden, 2 Cir., 1963, 325 F.2d 994.

■ Paragraphs 6 and 7 of the order make provision for periodic reports by the registrar on registration activity, and for making the records of his office available to the United States for the purpose

of inspection, copying and photographing. These provisions are in line with the order of this court in United States v. Ward, supra.

■ With respect to the last assignment of error, the District Court erred in ordering applicants for registration and all persons representing and acting in concert with them to cooperate with the registrar and his office, and to desist from any acts on the courthouse premises calculated to interfere with the registration process. No applicant for registration was a party to the suit. It was brought by and in the name of the United States. Thus there was no jurisdictional basis for the order. See Eighth Regional War Labor Board v. Humble Oil & Refining Co., 5 Cir., 1944, 145 F.2d 462, cert. den., 325 U.S. 883, 65 S.Ct. 1577, 89 L.Ed. 1998; Alemite Mfg. Corp. v. Staff, 2 Cir., 1930, 42 F.2d 832; and Rule 65(d), F.R.Civ.P.

Reversed and remanded for further proceedings not inconsistent herewith, and the mandate is to issue forthwith.