Alex CLARK, John T. Magee and Robert Turner, Plaintiffs,

v.

AMERICAN MARINE CORPORATION, a Louisiana corporation, Defendant.

Civ. A. No. 16315.

United States District Court,
E. D. Louisiana,
New Orleans Division.

April 24, 1970.

As Amended Oct. 13, 1970.

---

**710**

Franklin E. White, New York City, Lolis E. Elie, A. M. Trudeau, Jr., New Orleans, La., for plaintiffs.

Richard C. Keenan, New Orleans, La., for defendant.

David Copus, Washington, D. C., for the Equal Employment Opportunity Comm. as amicus curiae by special leave of the court.

RUBIN, District Judge.

Rule VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. permits the court to "allow the prevailing party" a reasonable attorney's fee as part of the costs.

■ These plaintiffs are entitled to such an award. They did not receive back wages, but they skillfully and successfully attacked a pattern of covert discrimination in employment, on behalf of a class composed of the victims of the discrimination, and secured extensive relief. By this undertaking, these obscure litigants assumed "the mantel of the sovereign." Jenkins v. United Gas Corp., 5 Cir. 1968, 400 F.2d 28, 32. They are entitled to the award of counsel's fees. Quarles v. Phillip Morris, Inc., E.D.Va.1968, 279 F.Supp. 505; Dobbins v. Local 212, IBEW, S.D.Ohio, 1968, 292 F.Supp. 413; United States by Clark v. Local 189, United Papermakers and Paperworkers, AFL–CIO, E.D.La. 1969, 301 F.Supp. 906; Bowe v. Colgate-Palmolive Co., S.D.Ind.1967, 272 F.Supp. 332, reversed in part on other grounds, 7 Cir. 1969, 416 F.2d 711; Cheatwood v. South Central Bell Telephone and Telegraph Company, M.D.Ala.1969, 303 F.Supp. 754; Dewey v. Reynolds Metals, W.D.Mich.1969, 300 F.Supp. 709; Richards v. Griffith Rubber Mills, D.Or. 1969, 300 F.Supp. 338.

"When the Civil Rights Act of 1964 was passed," the United States Supreme Court said with reference to Title II in Newman v. Piggie Park Enterprises, Inc., 1968, 390 U.S. 400, 88 S.Ct. 964, 19 L.Ed.2d 1263,

"it was evident that enforcement would prove difficult and that the Nation would have to rely in part upon private litigation as a means of securing broad compliance with the law. A Title II suit is thus private in form only.

"When a plaintiff brings an action under that Title, he cannot recover damages. If he obtains an injunction, he does so not for himself alone but also as a 'private attorney general,' vindicating a policy that Congress considered of the highest priority. If successful plaintiffs were routinely

forced to bear their own attorneys' fees, few aggrieved parties would be in a position to advance the public interest by invoking the injunctive powers of the federal courts. Congress therefore enacted the provision for counsel fees—not simply to penalize litigants who deliberately advance arguments they know to be untenable but, more broadly, to encourage individuals injured by racial discrimination to seek judicial relief under Title II."

390 U.S. at 401–402, 88 S.Ct. at 966.

Litigants under Title VII can obtain damages, and they are in this respect different from those who invoke Title II. But where Title VII suitors act on behalf of a class and successfully seek and obtain injunctive relief, they are acting as agents of the national policy that seeks to eliminate racial and other unlawful discrimination in employment.

Nor does it matter that some, or even perhaps a major part, of plaintiffs' counsel came from a lawyer who was on the staff of the NAACP Legal Defense and Educational Fund, Inc. The lawyers who filed this suit were Louisiana counsel engaged in private practice, members of the Louisiana State Bar and of the bar of this court; they were joined as co-counsel by a lawyer from New York who was admitted pro hac vice. The latter did in fact act as leading counsel. But the statute does not prescribe the payment of fees to the lawyers. It allows the award to be made to the prevailing party. Whether or not he agreed to pay a fee and in what amount is not decisive. Conceivably, a litigant might agree to pay his counsel a fixed dollar fee. This might be even more than the fee eventually allowed by the court. Or he might agree to pay his lawyer a percentage contingent fee that would be greater than the fee the court might ultimately set. Such arrangements should not determine the court's decision. The criterion for the court is not what the parties agreed but what is reasonable.

No desire for the appearance of pantology requires citation of the many decisions that have considered what is a reasonable attorney's fee in a situation where the amount is fixed by neither statute nor contract. They are listed in dizzying number in Annotation: Amount of Attorney's Compensation in Absence of Contract or Statute Fixing Amount, 56 A.L.R.2d 13 (1957) and in the A.L.R.2d Later Case Service, the wonderful Blue Book.

Congress certainly intended any award under the statute to be reasonable by traditional standards. It did not look, like Lear's jester, to the breath of the unfeed lawyer, but considered that the prevailing litigant should be able to pay the laborer the worth of his hire.

Canon 12 of the Canons of Ethics of the American Bar Association, applicable when this litigation began, is a guide to our deliberations. It provides that in determining the amount of a fee it is proper to consider (1) the time and the labor involved, and the novelty and difficulty of the issues; (2) whether other employment is lost because of the undertaking; (3) the customary charges of the bar for similar services; (4) the amount involved and the benefits resulting to the client from the services; (5) the contingency or certainty of the compensation; and (6) whether the employment is casual or for an established and constant client. The Code of Professional Responsibility, adopted by the American Bar Association in 1969, correctly says, "[A]dequate compensation is necessary in order to enable the lawyer to serve his client effectively and to preserve the integrity and independence of the profession." It then states:

"Factors to be considered as guides in determining the reasonableness of a fee include the following:

(1) The time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly.

(2) The likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer.

(3) The fee customarily charged in the locality for similar legal services.

(4) The amount involved and the results obtained.

(5) The time limitations imposed by the client or by the circumstances.

(6) The nature and length of the professional relationship with the client.

(7) The experience, reputation, and ability of the lawyer or lawyers performing the services.

(8) Whether the fee is fixed or contingent."

Disciplinary Rule 2–106.

■ The plaintiffs presented evidence that their lawyers had spent over 580 hours in preparing this case for trial and trying it. They showed that the minimum suggested fee of the Louisiana State Bar Association is $30 per hour. They offered evidence of prevailing fees in the community, including testimony that in difficult matters of this kind an hourly fee substantially in excess of the minimum is frequently charged. The defendants offered no testimony on these subjects. They suggested that lead counsel for the plaintiffs had been admitted to the bar only a short time, that more than one plaintiffs' lawyer was present at various conferences and at the trial, and that the number of hours computed was excessive.

There can be no doubt that the case required a large amount of time and labor. It involved interpretation of a new and difficult statute. The case was filed before many of the decisions cited in the court's eventual opinion had been reached. The issues required considerable skill to present, and the actual trial was relatively short only because, as a result of the many pre-trial conferences and elaborate pre-trial preparation, plaintiffs' counsel marshalled an impressive array of facts, skillfully analyzed them, and presented them lucidly. In less capable hands or with less preparation, the trial could well have lasted weeks. It would be an injustice not to mention the legal ability displayed by plaintiffs' lead counsel. As an advocate his skill in this case would rank him among the most able who have appeared before me in my three and a half years on the bench.

There is no micrometer of reasonableness. But, on the basis of the evidence, a fee of $20,000 appears to me to be proper. I don't think that the plaintiffs could hire a lawyer of equal skill on a contingent basis in New Orleans to do the job for less. It is true that counsel for the plaintiffs wrote counsel for the defendant and stated "reasonable attorney fees" amounted to $19,400. This omitted "numerous minor matters" and it did not include two hearings at which evidence was taken with respect to the amount that should be allowed as attorney's fees nor did it include the work of preparing for trial on this issue.

The plaintiffs offered proof of $1,914.51 in costs. There is no evidence to the contrary, nor argument that any of these should be disallowed.

Therefore judgment will be entered in favor of plaintiffs and against defendant for the total sum of $21,914.51.

This opinion will serve in lieu of findings of fact and conclusions of law.