**George RIOS et al., Plaintiffs,**

**v.**

**ENTERPRISE ASSOCIATION STEAMFITTERS LOCAL UNION #638 OF U. A. et al., Defendants.**

**No. 71 Civ. 847.**

United States District Court,
S. D. of New York.

Aug. 10, 1971.

See, also D.C., 326 F.Supp. 198.

Dennis R. Yeager and E. Richard Larson, National Employment Law Project of Center on Social Welfare, Policy & Law, Columbia Univ., New York City (Douglas B. Broadwater, George Cooper, New York City, of counsel), for plaintiffs.

Peter Kaiser, New York City, for defendant Enterprise Assn.

Breed, Abbott & Morgan, New York City, Lloyd V. Almirall, Thomas A. Shaw, Jr., Michael C. Devine, New York City, of counsel, for defendant Mechanical Contractors Ass'n of N. Y., Inc. and Joint Steamfitting Apprenticeship Committee of the Steamfitters Industry Education Fund.

## MEMORANDUM

TENNEY, District Judge.

Plaintiffs move herein for an order pursuant to Rule 23(c) of the Federal Rules of Civil Procedure and Rule 11A of the Civil Rules of this court:

1) allowing this action to be maintained as a class action pursuant to Rules 23(a) and 23(b) (2) of the Federal Rules of Civil Procedure; and

2) defining the class represented by plaintiffs to include all Negro and Spanish sur-named Americans residing in New York City and the Counties of Suffolk and Nassau in the State of New York now or at any time in the future who have the skills necessary to work as journeymen steamfitters or who are capable of learning such skills and who wish to obtain access to steamfitting work in New York City and said Counties.

Plaintiffs have brought this action on behalf of themselves and all other Negro and Spanish sur-named Americans who wish to obtain steamfitting work and who now have or are capable of learning the skills necessary to perform such work in the geographical area over which the defendant Enterprise Association Steamfitters Local Union #638 of U.A. (hereinafter referred to as the "Union") has jurisdiction.

Plaintiff Rios, a Puerto Rican citizen of the United States, and plaintiffs Jenkins and Lewis, Negro citizens of the United States, are all individuals who have learned the skills of steamfitting and have had substantial training as steamfitters and plumbers through employment as such and, in the case of Jenkins, in school and military service as well—all of them having learned their skills without taking the apprentice program operated by defendants and challenged herein as one of defendants' discriminatory employment barriers.

Plaintiff Rutledge, a Negro citizen, while not possessed of the skills of the other named plaintiffs, is allegedly intelligent and able-bodied and fully capable of learning steamfitting work.

Plaintiffs have alleged that the defendants have imposed racially discriminatory barriers to minority group employment in the steamfitting industry in that the Union will not admit them to membership unless they complete the apprenticeship program operated by defendant Union, although plaintiffs are fully qualified to do steamfitting work, and that the apprenticeship program is a discriminatory device because it imposes a number of barriers to obtaining work as a steamfitter, which barriers

are not related to that work and which require workers to be overqualified to do such work.

A class action must meet the requisites of Rules 23(a) and 23(b) of the Federal Rules of Civil Procedure. Federal Rule of Civil Procedure 23(a) provides:

"One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class."

Rule 23(b) provides in part:

"An action may be maintained as a class action if the prerequisites of subdivision (a) are satisfied, and in addition . . . (2) the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole."

There seems little question that at least plaintiffs Rios, Jenkins and Lewis and the other members of the class which they represent have been adversely affected by a policy of racial discrimination in the steamfitting industry. Indeed, in an opinion herein, filed on March 24, 1971, Judge Frankel granted a preliminary injunction in favor of such plaintiffs, restraining the defendant Union from denying them Union membership on terms and conditions, and with rights, privileges and responsibilities, equal to those of all other members enjoying the status of full journeymen, without regard to race or national origin.

It would appear that there are numerous minority workers in the Union's geographical area who are already skilled in the steamfitting trade and who are not members of the Union, and it would also appear that there are numerous minority workers who wish to acquire steamfitting skills and who are capable of acquiring such skills. It further appears that there are questions of law and fact common to the class and that the claims of the named plaintiffs are typical of those of the class. Furthermore, the claims of plaintiffs Rios, Jenkins and Lewis are typical of the claims of the class since each of them is a skilled steamfitter, and each of them acquired his skills by means other than the apprentice program which is alleged in this motion as one of the discriminatory barriers to steamfitting employment. Plaintiff Rutledge occupies a somewhat different position and has alleged that he was denied admission to the challenged apprenticeship program —that program and its entry requirements being used to prevent him from becoming a member of the Union and thus to discriminate against him.

It further appears that the named plaintiffs will fairly and adequately protect the interests of the class. Indeed, their attorneys have already successfully sought and obtained preliminary relief on behalf of three of the named plaintiffs in this action.

Insofar as the provision of Rule 23(b) (2) of the Federal Rules of Civil Procedure is concerned, the requirements of that Rule, namely, that the party opposing the class has acted or refused to act on grounds generally applicable to the class, indicate the desirability of providing for two separate and distinct classes. The distinction between an alleged class of all Negro and Spanish sur-named qualified journeymen steamfitters who seek admission to the defendant Union on the one hand, and a class of such mi-

nority group members who have no such steamfitting skills but who are capable of learning such skills and wish to obtain access to steamfitting work is clear, and the issues involving the claims of the two distinct classes should not be confused by being combined into a single class as plaintiffs seek.

Accordingly, the motion is granted allowing this action to be maintained as a class action and the class is defined separately as (a) "all Negro and Spanish Sur-named Americans residing in New York City and the Counties of Suffolk and Nassau in the State of New York now or at any time in the future who have the skills necessary to work as journeymen steamfitters" and (b) "all Negro and Spanish Sur-named Americans residing in New York City and the Counties of Suffolk and Nassau in the State of New York now or at any time in the future who are capable of learning such skills and who wish to obtain access to steamfitting work in New York City and said Counties".

The defendants other than the Union do not appear to oppose the maintenance of this action as a class action provided that the order provides for two separate and distinct classes as hereinbefore set forth and providing further that the Government and other antidiscriminatory agencies whose constituencies are embraced in their entirety within the proposed classes receive such notice as the Court deems proper of the proposed class action, and are given an opportunity to object if they wish to. Whether representatives of such agencies would be appropriate parties to the present action as amicus curiae or otherwise is not presently before this Court, and the Court declines to condition the relief sought herein upon notice being given to such agencies.

Accordingly, plaintiffs' motion is granted to the extent hereinbefore indicated.