**UNITED RUBBER CORK, LINOLEUM AND PLASTIC WORKERS OF AMERICA, AFL–CIO, an unincorporated association, and United Rubber, Cork, Linoleum and Plastic Workers of America, AFL–CIO, Local 102, an unincorporated association, Plaintiffs,**

v.

**LEE NATIONAL CORPORATION, Defendant.**

No. 66 Civ. 1154.

United States District Court, S. D. New York, Civil Division.

Feb. 6, 1974.

See also 323 F.Supp. 1181.

Auerbach & Labes, New York City (Stanley W. Taylor, New York City, of counsel), for plaintiffs.

Poletti, Freidin, Prashker, Feldman & Gartner, New York City (Peyton H. Moss, New York City, of counsel), for defendant.

## MEMORANDUM AND ORDER

KNAPP, District Judge.

This action was brought against an employer for alleged breaches of collective bargaining contracts. At the close of plaintiff's case, the Court indicated its intention to grant defendant's motion to dismiss the second cause of action, and requested post-trial briefs with respect to the first. The Court thereafter dismissed the first cause of action but requested new briefs on the proposed re-opening of the case as to the second. After the submission of these additional briefs, the Court dismissed the second cause of action. The successful defendant now moves pursuant to Rule 54(d) of the Federal Rules of Civil Procedure for review of the bill of costs as taxed against plaintiff by the Clerk of this Court. Specifically, the item in controversy is $5,739.95 for two copies of the trial transcript, at the daily rate, which the Clerk refused to tax. One copy of the daily transcript was delivered to the Court, and the other to defendant's counsel.

Defendant contends that the stenographic transcript prepared daily was necessary in this action because of the projected length and complexity of the trial. Plaintiff denies the necessity of not only the expedited copy, but the regular transcript, and urges that it was merely a convenience to counsel.

■ Title 28 U.S.C. § 1920 provides that:

"A judge or clerk of any court of the United States may tax as costs the following:

\*　\*　\*　\*　\*　\*

(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case."

The determination as to whether the transcript is "necessarily obtained for use in the case" is to be left to the discretion of the trial judge. Farmer v. Arabian American Oil (1964) 379 U.S. 227, 85 S.Ct. 411, 13 L.Ed.2d 248; Syracuse Broadcasting Corporation v. Newhouse (2d Cir. 1963) 319 F.2d 683; Perlman v. Feldmann (D.Conn.1953) 116 F.Supp. 102, cert. denied (1955) 349 U.S. 952, 75 S.Ct. 880, 99 L.Ed. 1277. In reaching its decision, the judge should look to the length and complexity of the trial, and the need of the court and the parties for the transcript. Cooke v. Universal Pictures Co. (S.D.N.Y.1955) 135 F.Supp. 480; Bank of America v. Loew's International Corporation (S.D. N.Y.1958) 163 F.Supp. 924; Electronic Specialty Co. v. International Controls Corp. (S.D.N.Y.1969) 47 F.R.D. 158.

■ In this case the Court believes that it was necessary that both the defendant and the Court be furnished a stenographic record. The trial of this case stretched over a four-week period and thereafter the Court twice requested the parties to submit additional briefs on both causes of action. The availability of the transcript became more than a convenience for the Court in making its rulings on the motions presented. However, although necessity for the transcript has been demonstrated, there is no showing that the circumstances were such as to justify requiring the defeated party to bear the additional expense involved in obtaining expedited copy. The case did not involve expert witnesses whose cross-examination required knowledge of the exact wording of their previous testimony or of that of any other witness, and time was not of the essence in this 1966 law suit. Therefore, the Court will allow the cost of the transcript to be taxed at the regular rate, but not at the daily rate.

So ordered.