Carl B. HOITT, Jr., et al., Plaintiffs, Appellees,

v.

Joseph C. VITEK, etc., et al., Defendants, Appellees.

Russell E. Collins et al., Plaintiffs, Appellants.

No. 73–1351.

United States Court of Appeals, First Circuit.

Argued Jan. 7, 1974.

Decided April 9, 1974.

George Charles Bruno, Manchester, N. H., with whom Kurt Swenson was on brief, for appellants.

John J. Donahue, John M. Roney, Providence, R. I., Max D. Stern, Burnham, Stern & Shapiro, Boston, Mass., Jack Greenberg, and Stanley A. Bass, New York City, on brief, for Rhode Island Legal Services, Inc. and N. A. A. C. P. Legal Defense and Educational Fund, amici curiae.

Dina Lassow and R. Patrick Maxwell, Washington, D. C., on brief for National Legal Aid and Defender Association, amicus curiae.

David W. Hess, Asst. Atty. Gen., with whom Warren B. Rudman, Atty. Gen., was on brief, for appellees.

Before COFFIN, Chief Judge, ALDRICH and CAMPBELL, Circuit Judges.

COFFIN, Chief Judge.

This is an appeal from the district court's denial of attorneys' fees to the plaintiff intervenors represented below by New Hampshire Legal Assistance (NHLA). The suit, Hoitt v. Vitek, 361 F.Supp. 1238 (D.N.H.1973), was brought by prisoners against the warden of New Hampshire State Prison to redress alleged deprivations of civil rights in violation of 42 U.S.C. § 1983. The crux of the prisoners' complaints rested in the prison authorities' failure to provide procedural safeguards prior to administrative action effecting changes in their in-prison rights and privileges and in some cases prior to involuntary transfer out-of-prison. The district court granted relief to the prisoners by: (1) permanently enjoining transfer of prisoners out-of-state unless procedural requirements were observed; (2) prohibiting discipline for events occurring during a prison-wide lockup; (3) awarding compensatory damages to nine plaintiffs for work they missed because of transfers; (4) awarding costs and reasonable attorneys fees to the plaintiffs. None of these orders was appealed. The challenge now before us is to a later order limiting the award of fees to the private counsel who shared responsibility for the case with New Hampshire Legal Assistance.

■ The district court in granting attorneys' fees exercised its equitable discretion and concluded that the public interest had been forwarded by the suit. This option was available to the district court under equity doctrines elucidated in among other recent cases, Newman v. Piggie Park Enterprises, Inc., 390 U.S. 400, 88 S.Ct. 964, 19 L.Ed.2d 1263 (1968) and Hall v. Cole, 412 U.S. 1, 93 S.Ct. 1943, 36 L.Ed.2d 702 (1973). Though neither party appeals the award to private counsel, we note that the court was well within the bounds of its discretion in determining that the public, as well as all present and future prisoners, benefits when the constitutionality of the treatment of prisoners is assured, and that the bar ought to be encouraged to give them legal aid and advice in order to secure their rights.[1]

The district court, though taking this view, nonetheless denied fees to the NHLA attorneys. Both the private attorney and the NHLA attorneys below undertook the case without anticipation of reimbursement from their clients. Both pursued the case with dedication. The primary distinction between the two is a generic one. The private attorney earns his salary from private clients on a fee-paying basis. The private attorney may either be a salaried associate of a firm, a partner sharing its profits, or more directly dependent on the accumulated fees from his clients. The NHLA attorney is salaried through the federal Office of Economic Opportunity by an eighty per cent federally-funded project. Undertaking a non-fee paying case is his job and he cannot increase his income by an award of fees to the association.

■ Appropriate bases for fee awards include statutory authority for

---

1. The policies of this case are acknowledged by federal legislation in many areas. The Congressional policy favoring the provision of legal services to the poor, including those incarcerated may be found in e. g. Economic Opportunity Amendments of 1966, 42 U.S.C. § 2809(a)(3) (1970). The policy encouraging vindication of constitutional rights underlies 42 U.S.C. § 1983.

such grants, the desire to encourage settlement of cases, punishment of a losing party for misconduct or bad faith, and as here to encourage important policy enforcement through "private attorneys general".[2] *See generally* Natural Resources Defense Council, Inc. v. E. P. A., 484 F.2d 1331 (1st Cir. 1973).

None of these legitimate reasons for the exercise of the court's equitable discretion turns on the nature of an individual attorney's normal means of reimbursement. These grounds for fee award look to the past behavior of the parties and toward encouraging legal representatives in similar situations in the future. If the sole representative of the plaintiffs below had been NHLA and the district judge had reasoned, as he did, that the suit merited award under the "private attorney general" theory, we would find it difficult to discern the advancement of any legitimate policy by the denial of attorneys' fees to NHLA. See generally, Note, Awards of Attorney's Fees to Legal Aid Offices, 87 Harv.L.Rev. 411 (1973).

 However, in this particular case, there were two representatives; the judge awarded fees only to one. The policy of encouraging future representation was secured by the award. The specific amount of attorneys' fees is within the judge's discretion. 6 Moore's Federal Practice ¶ 54.77 [2]. It would serve no equitable purpose to require the district court to make a token grant of fees where the purpose and theory of the equity doctrine is served:

> "Plainly the foundation for the historic practice of granting reimbursement for the costs of litigation other than the conventional taxable costs is part of the original authority of the chancellor to do equity in a particular situation . . . . As in much else that pertains to equitable juris-

diction, individualization in the exercise of a discretionary power will alone retain equity as a living system and save it from sterility." Sprague v. Ticonic National Bank, 307 U.S. 161, 165–167, 59 S.Ct. 777, 780 (1939) (Frankfurter, J.).

Affirmed.

---

2. The "common benefit" rationale of Sprague v. Ticonic National Bank, 307 U.S. 161, 59 S.Ct. 777, 83 L.Ed. 1184 (1939) and Mills v. Electric Auto-Lite Co., is not listed only because it was not the premise for the grant

below and it may have problems in this area not common to the other categories which we need not reach here. Note, Awards of Attorney's Fees to Legal Aid Offices, 87 Harv.L.Rev. 411, 421 (1973).