**Tobe DUHON, Jr. and Charles L. Walker, Jr., Plaintiffs-Appellants,**

v.

**GOODYEAR TIRE & RUBBER COMPANY, BEAUMONT PLANT, Defendant-Appellee.**

**No. 73–1296.**

United States Court of Appeals,
Fifth Circuit.

May 24, 1974.

Elmo R. Willard, III, Beaumont, Tex., Gabrielle K. McDonald, Mark T. McDonald, Houston, Tex., Jack Greenberg, William L. Robinson, Deborah M. Greenberg, New York City, for plaintiffs-appellants.

John B. Abercrombie, Richard R. Brann, Houston, Tex., for defendant-appellee.

Before TUTTLE, BELL and GOLDBERG, Circuit Judges.

BELL, Circuit Judge:

Plaintiffs Duhon and Walker, employees of Goodyear at its Beaumont plant, brought a class action against Goodyear under Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. § 2000e et seq., and 42 U.S.C.A. § 1981, claiming discrimination with respect to terms and conditions of employment.

After a full trial the district court entered, *inter alia*, findings of fact and conclusions of law summarized as follows:

(1) The Beaumont plant was originally staffed in December 1961. There were some 5,000 applications for a few hundred positions. In selecting employees for positions above laborer, Goodyear required previous experience, completion of high school or passage of the G.E.D. equivalency test, and satisfactory performance on both the Wonderlic Personnel Test and the Bennett Test of Mechanical Comprehension.

(2) Prior to late 1965, Goodyear hired as laborers at least 30 black employees who either did not meet the educational requirement or had not satisfactorily completed the Wonderlic and Bennett tests. Plaintiffs Duhon and Walker were in this group. The use of the education requirement and the Wonderlic and Bennett tests resulted in discrimination against black employees with respect to employment, promotion and seniority. The discriminatory effect on seniority occurred because the plant seniority system was separate for each division, including the division of laborers. Since seniority could not be transferred from one division to another, a person discriminatorily assigned and retained in the labor division lost seniority in other divisions to which he might otherwise have been assigned.

(3) The black employees originally hired without meeting all of the criteria for positions above laborer have over the

years been transferred to higher positions.

(4) The education requirement and the mentioned tests were not used with the intent of discriminating against black employees. Rather they were used in good faith as an available tool for selecting employees with the best qualifications from among a large number of applicants. Goodyear voluntarily discontinued the use of the Wonderlic and Bennett tests at some point prior to trial.

By way of relief, Goodyear was enjoined from using non-validated tests in pre-employment or promotion situations. All other relief was denied.[1]

The contentions of plaintiffs in the district court wash out on appeal to three principal assignments of error. The first is that the district court erred in failing to enjoin the use of the education requirement for hiring, job assignment and promotion purposes, in light of the express finding that the requirement disproportionately excluded black applicants from employment opportunities, and in light of the absence of any showing of relationship of the requirement to successful job performance. The second is that the district court erred in failing to order affirmative relief as to seniority and back pay in the face of the finding of discrimination arising from the use of the education requirement and the Wonderlic and Bennett tests. Thirdly, it is urged that the district court failed to apply the proper legal standard in finding that Goodyear had not discriminated against blacks in promotions to supervisory jobs in the warehouse and shipping departments and in assignment to craft jobs.

We vacate and remand for further consideration in the district court. In the fast moving world of Title VII law, important decisions of this court have supervened the decision of the district court. See particularly United States v. Georgia Power Company, 5 Cir., 1973, 474 F.2d 906; Johnson v. Goodyear Tire & Rubber Company, 5 Cir., 1974, 491 F. 2d 1364; Pettway v. American Cast Iron Pipe Co., 5 Cir., 1974, 494 F.2d 211.

These decisions make it clear that the district court should have enjoined the use of the education requirement. Moreover, they eliminate good faith as a defense in the use of non-validated tests and education requirements. They thus make it clear that relief in the form of back pay and seniority revision is due within the perimeters there established for any person in the class who has suffered a loss in compensation or seniority by reason of the discriminatory practices found by the district court.

As for the contentions in the pleadings concerning discrimination in the assignment to craft positions and in the selection of supervisory personnel, the issues were not defined by the district court. Further, while the pleadings are keyed to the effect of such practices on members of the class, the class has not been defined. We thus leave these matters for consideration on remand, where they in any case must be faced in the process of determining entitlement of class members to back pay and seniority adjustments. Should the evidence developed in these further proceedings establish the need for additional injunctive relief in this area, appropriate requests may be addressed to the district court.

The issue relating to counsel fees is controlled by United States v. Georgia Power Company, *supra*, where we said:

"The district court recognized that section 706(k) [42 U.S.C. § 2000e–5(k)] and our decision in Clark v. American Marine Co., 320 F.Supp. 709 (E.D.La.1970), *aff'd.* 437 F.2d 959

---

1. Given the limited relief afforded, the district court apparently found it unnecessary to define the class. The briefs suggest that the class may consist of as many as 32 black employees who were hired as laborers by Goodyear prior to September 13, 1965. After that date Goodyear hired blacks into non-laborer departments of the plant.

(5th Cir. 1971) entitle the plaintiffs' lawyers in a successful VII suit to recover reasonable attorneys' fees."

The question as to the amounts must be decided in the district court at the appropriate time. *See* Johnson v. Georgia Highway Express, Inc., 5 Cir., 1974, 488 F.2d 714.

Vacated and remanded with direction.