**George RIOS et al., Plaintiffs,**

v.

**ENTERPRISE ASSOCIATION STEAM-FITTERS LOCAL 638 OF U.A. et al., Defendants.**

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff,**

v.

**ENTERPRISE ASSOCIATION STEAM-FITTERS LOCAL 638 OF U.A. et al., Defendants.**

**Nos. 71 Civ. 847, 71 Civ. 2877.**

United States District Court,
S. D. New York.

June 27, 1975.

See also, D.C., 400 F.Supp. 988.

Dennis R. Yeager, Marilyn R. Walter, National Employment Law Project, Inc., New York City, for plaintiffs Rios, and others.

Paul J. Curran, U. S. Atty., S. D. N. Y., for plaintiff Equal Employment Opportunity Commission; Steven J. Glassman, Asst. U. S. Atty., of counsel.

Delson & Gordon, New York City, for defendants Local 638 and the Union members of JAC; Richard Brook, New York City, of counsel.

Breed, Abbott & Morgan, New York City, for defendants MCA and the employer members of JAC; Thomas A. Shaw, Jr., Kevin T. O'Reilly, New York City, of counsel.

## MEMORANDUM

BONSAL, District Judge.

*Rios v. Enterprise Association Steamfitters, Local 638 of U.A.*, 400 F.Supp.

983, was instituted on February 26, 1971 as a class action wherein four non-white workers alleged violations by defendants of Title VII of the Civil Rights Act of 1964, as amended. *United States v. Enterprise Association Steamfitters Local 638 of U.A.*, 71 Civ. 2877, (hereinafter referred to as the "government action") was filed by the Attorney General on June 29, 1971, pursuant to his authority under Title VII, 42 U.S.C. § 2000e–6(a). The Equal Employment Opportunity Commission ("EEOC") was substituted as plaintiff in the government action on April 16, 1974 pursuant to F.R.Civ.P. 25. These actions were consolidated for the purposes of trial and tried before this Court. The prior proceedings are reported at *Rios v. Enterprise Association Steamfitters Local 639 of U.A.*, 400 F.Supp. 983 (S.D.N.Y.1975); *United States v. Local 638, Enterprise Association of Steam, etc.*, 360 F.Supp. 979 (S. D.N.Y.1973), *aff'd but remanded in part*, 501 F.2d 622 (2d Cir. 1974); *United States v. Local 638, etc.*, 337 F. Supp. 217 (S.D.N.Y.1972); *Rios v. Enterprise Association Steamfitters Local Union No. 638 of U.A.*, 326 F.Supp. 198 (S.D.N.Y.1971); *Rios v. Enterprise Association Steamfitters Local Union #638 of U.A.*, 54 F.R.D. 234 (S.D.N.Y. 1971).

The *Rios* plaintiffs move for attorneys' fees of $128,092.50 for their attorneys the National Employment Law Project (hereinafter the "Project"), for $2,043.15 in disbursements and for $3,601.49 in costs. The EEOC moves for $6,014.45 in costs incurred in pursuing its action. Defendants oppose these motions.

### ATTORNEYS' FEES

*Services Rendered by the Project*

The Project states that it is a "law office funded through the Council of New York Law Associates' Charitable Trust . . . pursuant [primarily] to grants from the United States Office of Economic Opportunity ("OEO") and [in small part] from Trinity Church in the City of New York for the purposes of providing assistance in the area of employment law to legal services attorneys and of representing the poor in connection with employment-related legal problems." In addition, the Project receives a significant portion of its funds pursuant to contracts with the EEOC.

The Project instituted the *Rios* action several months prior to the filing of the government action. On March 24, 1971 Judge Frankel issued a preliminary injunction. 326 F.Supp. 198 (S.D.N.Y. 1971). The Order of this Court filed on June 21, 1973 in the government action contained findings of fact which were based upon evidence obtained in part from answers to interrogatories propounded by the Project attorneys in *Rios* prior to the institution of the government action, in part from depositions taken by the Project attorneys and in part from testimony given by expert witnesses called by the Project attorneys at the consolidated trial of the *Rios* and the government actions.

*The Legal Standard*

The applicable statute in Title VII actions, 42 U.S.C. § 2000e–5(k), provides:

> "In any action or proceeding under this subchapter the court, in its discretion, may allow the prevailing party, other than the [EEOC] or the United States, a reasonable attorney's fee as part of the costs . . . ."

■ Attorneys' fees have been awarded in Title VII cases where the plaintiffs have been successful in obtaining the relief sought, *see Duhon v. Goodyear Tire & Rubber Co., Beaumont Plant*, 494 F.2d 817 (5th Cir. 1974) and cases cited therein, unless there are "special circumstances which would render such an award unjust. *See also Northcross v. Board of Education of Memphis City Schools*, 412 U.S. 427, 93 S.Ct. 2201, 37 L.Ed.2d 48 (1973) (desegregation suit under Emergency School Aid Act of 1972); *Newman v. Piggie Park Enterprises, Inc.*, 390 U.S. 400, 88

S.Ct. 964, 19 L.Ed.2d 1263 (1968) (Title II of the Civil Rights Act of 1964).

■ While the cases appear to be divided as to whether the statutory exception as to awards of attorneys' fees to the EEOC and the United States applies to public interest attorneys such as the Project (*see Hoitt v. Vitek*, 495 F.2d 219 (1st Cir. 1974); *Woolfolk v. Brown*, 358 F.Supp. 524, 535 (E.D.Va.1973); *Gaddis v. Wyman*, 336 F.Supp. 1225, 1227–28 (S.D.N.Y.1972); *Doe v. Osteopathic Hospital of Wichita, Inc.*, 333 F.Supp. 1357, 1363 (D.Kan.1971)), here an award of reasonable attorneys' fees to the Project is permissible and appropriate.[1] *See Doe v. Osteopathic Hospital of Wichita, Inc.*, *supra*. Plaintiffs were the "prevailing party" and the grant of an attorneys' fee is precluded only to the EEOC or the United States. Fee arrangements, if any, between the prevailing party and its attorneys are immaterial. *See Clark v. American Marine Corp.*, 320 F.Supp. 709 (E.D.La.1970), *aff'd on opinion below*, 437 F.2d 959 (5th Cir. 1971). *See also Hairston v. R & R Apartments*, 510 F.2d 1090 (7th Cir. 1975); *Fairley v. Patterson*, 493 F.2d 598, 606 (5th Cir. 1974); *Miller v. Amusement Enterprises, Inc.*, 426 F.2d 534, 538–39 (5th Cir. 1970).

There are obvious distinctions between the EEOC or the "United States," which are precluded from recovering attorneys' fees under Title VII, and the Project. The Project attorneys are not government employees, do not enjoy the protections of the civil service laws or of legislatively mandated salaries, and do not represent the government in litigation.[2]

*The Appropriate Award*

The plaintiffs apply for $128,092.50 in attorneys' fees for the Project. The Project attorneys' affidavits set forth by date the services rendered by each attorney and his or her hourly rates: Dennis R. Yeager, Esq. devoted 1157 hours largely at the rate of $65 per hour; E. Richard Larson, Esq. devoted 255.5 hours at a rate of $50 per hour; Marilyn R. Walter, Esq. devoted 681.25 hours at rates ranging from $35 to $50 per hour; Warren J. Bennia, Esq. devoted 273 hours at $35 per hour; and other attorneys devoted an aggregate of 83 hours largely at a rate of $45 per hour. Thus a total of 2449.75 hours were devoted to this case by the Project attorneys and compensation is sought at an average rate of $52.35 per hour. The affidavits submitted are sufficiently detailed to meet the standards of the Court of Appeals in *City of Detroit v. Grinnell Corp.*, 495 F.2d 448 (2d Cir. 1974).

■ In determining the amount of attorneys' fees to be awarded, however, the circumstances of the case and the nature and roles of the parties must be considered. Local 638 is not a profit-making organization able to pass the expense of attorneys' fees on to its customers. It is an association of steamfitters united for their mutual employment protection and is supported only by dues and other assessments collected from its members. There was no proof at trial that the members of Local 638 individually engaged in discriminatory practices against members of the plaintiff class, but it is the members who will bear the burden of payment of an attorneys' fee award taxed against Local 638.

---

1. This case is distinguishable from *Alyeska Pipe Line Co. v. The Wilderness Society*, 421 U.S. 240, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975), as well as earlier lower court cases, *Gaddis v. Wyman*, 336 F.Supp. 1225 (S.D.N.Y.1972) and *Woolfolk v. Brown*, 358 F.Supp. 524 (E.D.Va.1973), since in those cases the statute did not provide for the recovery of attorneys' fees.

2. On occasion, the Project has represented private parties in actions against the government. *See, e. g., Christian v. N. Y. State Dep't of Labor, et al.*, 414 U.S. 614, 94 S.Ct. 747, 39 L.Ed.2d 38 (1974); *Percy v. Brennan*, 384 F.Supp. 800 (S.D.N.Y.1974).

The only other defendants who might be called upon to pay the attorneys' fees are MCA and the JAC. However, MCA, a non-profit trade association of certain of the contractors in the New York area, primarily acts for its employer members in collective bargaining negotiations with Local 638 and does not employ steamfitters directly. After trial, the Court found that MCA's status as a proper party did not imply that it was "responsible *ipso facto* for all the employment practices . . . found unlawfully discriminatory or that it is liable in damages to the plaintiffs," and found that plaintiffs had shown "no specific instances of MCA discrimination." 360 F.Supp. at 995.

The JAC is a non-profit joint labor-management committee which, now as well as during the time preceding issuance of the permanent injunction in this action on June 21, 1973, conducted the steamfitters' apprenticeship program. However, JAC was not found to have purposefully discriminated against members of the plaintiff class. JAC adopted the aptitude tests used to screen applicants to the apprenticeship program in good faith upon the recommendation of experts.

█ Therefore, the only defendant chargeable with these attorneys' fees is Local 638, and it would be inequitable to charge Local 638 with the full amount of the attorneys' fees sought by the Project, even though there is no reason to believe that its services would not justify the full amount if they were to be paid by a profit-making defendant.

Under the circumstances here presented and considering the funds received by the Project from other sources, the Project will be awarded $50,000 in attorneys' fees for its services in the *Rios* action. In view of Local 638's financial condition, evidenced by documents supplied to the Court, this sum will be paid by Local 638 in three equal annual installments of $16,666.67, the first to be paid within 30 days from the order to be entered herein, the second to be paid one year later, and the third to be paid two years thereafter.

## PROJECT'S DISBURSEMENTS

█ Plaintiffs move for $2,043.15 in disbursements made by the Project in connection with the *Rios* action. The disbursements included are reasonable and are properly recoverable. *See James v. Beaufort County Board of Education,* 348 F.Supp. 711 (E.D.N.C. 1971), *aff'd,* 472 F.2d 177 (4th Cir. 1972). Many of these disbursements are attributable to the development of statistical analyses through which plaintiffs' claims of discrimination were proven and upon which a percentage goal for non-white membership in Local 638 could be determined. Accordingly, plaintiffs are awarded disbursements in the amount of $2,043.15 to be paid by Local 638 within 30 days from the date of the order to be entered herein. *See Fairley v. Patterson,* 493 F.2d 598, 607 (5th Cir. 1974); *La Raza Unida v. Volpe,* 57 F.R.D. 94, 102 (N.D.Cal.1972) (expert witnesses).

## COSTS

*Rios* Plaintiffs.—Plaintiffs move for $3,601.49 in costs for the Project pursuant to F.R.Civ.P. 54 and 42 U.S.C. § 2000e–5(k). The bill of costs submitted by the Project indicates that approximately 97% of these costs was attributable to court reporters' fees and the costs incident to taking depositions.

The award of costs in a civil action is governed by F.R.Civ.P. 54(d), which provides that:

"Except when express provision therefor is made either in a statute of the United States or in these rules, costs shall be allowed as of course to the prevailing party unless the court otherwise directs . . . ."

The expenditures made by the Project are properly recoverable as costs. *See Independent Iron Works, Inc. v. United States Steel Corp.,* 322 F.2d 656, 678 (9th Cir.), *cert. denied,* 375 U.S. 922, 84 S.Ct. 267, 11 L.Ed.2d 165 (1963); *Unit-*

*ed Rubber Cork, Linoleum & Plastic Workers of America, AFL–CIO v. Lee National Corp.*, 62 F.R.D. 194 (S.D.N.Y.1974); 28 U.S.C. § 1920.

Since plaintiffs were the "prevailing party," their motion for costs for the Project is granted and the costs are to be paid by Local 638.

EEOC.—The EEOC moves for $6,014.45 in costs pursuant to F.R.Civ.P. 54(d). The costs incurred were primarily court reporters' fees, witness fees and costs incident to taking depositions. These costs are reasonable and are recoverable from Local 638. *See United States v. Lynd*, 349 F.2d 785 (5th Cir. 1965); F.R.Civ.P. 54(d).

The *Rios* plaintiffs and the EEOC are each granted leave to file for reimbursement of the additional costs incurred subsequent to the submission of the applications presently on file.

The foregoing shall constitute the Court's findings of fact and conclusions of law.

Settle order on notice.