**Lucy FORD, Plaintiff,**

v.

**Otis R. BOWEN, M.D., Secretary of Health and Human Services, Defendant.**

**No. 83 C 9243.**

United States District Court, N.D. Illinois, E.D.

Jan. 6, 1987.

Spector & Lenz, P.C., Chicago, Ill., for plaintiff.

Assistant U.S. Attorney's Office, Chicago, Ill., for defendant.

## MEMORANDUM ORDER

ASPEN, District Judge:

Lucy Ford, the prevailing party in this litigation, moves for attorneys' fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(A) (Supp. III 1985). For the following reasons, her motion will be allowed. The Secretary does not dispute any aspect of Ford's fee petition except for the hourly rate sought for Ford's attorney John M. Bouman. Ford seeks a rate of $83 per hour while the Secretary maintains that the rate should be limited to the statutory amount of $75. *See* 28 U.S.C. § 2412(d)(2)(A) (Supp. III 1985).

Section 2412(d)(1)(A) provides for an award of attorneys' fees incurred by the prevailing party in a civil action, including those for judicial review of agency action, brought against the United States unless the Court finds that the position of the United States was substantially justified. The fees recoverable under this subsection include reasonable attorneys' fees, based upon prevailing market rates, with the proviso that the attorneys' fees shall not be awarded in excess of $75 per hour unless the court determines that an increase in the cost of living justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A).

The Secretary offers two arguments for a limitation of the fee rate to $75 per hour. His first contention is that the $75 rate is a fixed ceiling. This is an absurd position in light of the explicit language in § 2412(d)(2)(A) authorizing the court to enhance the fee rate to adjust for cost of living increases or other special circumstances. The Seventh Circuit's decision in *Continental Web Press, Inc. v. NLRB*, 767 F.2d 321, 323–24 (7th Cir.1985), explicitly acknowledges the court's authority to take into account cost of living increases and other special factors in enhancing the $75 statutory rate under § 2412(d)(2)(A). The Secretary's contention that *Continental Web* is not controlling because it preceded the reenactment of the EAJA is not persuasive since the court was interpreting identical statutory language, as not even a comma of § 2412(d)(2)(A) was altered in the 1985 reenactment. Furthermore, none of the authority cited by the Secretary in support of his rather meager position is supportive or well reasoned.

The Secretary's second argument is equally implausible. He argues that by reenacting the EAJA in August 1985 without changing the base rate of $75, Congress has already accounted for the cost of living adjustment between the original October 1981 enactment date and August 1985, so that any subsequent adjustment must be made only with reference to cost of living increases between August 1985 and the present. This proposition recently has been soundly rejected by several other courts, *see, e.g., Hirschey v. FERC*, 777 F.2d 1, 5 (D.C.Cir.1985); *Jackson v. Heckler*, 629 F.Supp. 398, 405 (S.D.N.Y.1986), and we reject it today as well. The EAJA

when originally enacted had a sunset provision calling for a specific expiration date, and the so-called reenactment exhibits congressional intent to continue the operation of the original provisions as if the EAJA had never "expired." Indeed, adopting the Secretary's position on this issue may lead to incongruous results. *Jackson*, 629 F.Supp. at 405.

Because Ford has demonstrated a cost of living increase of 20.9% in the Chicago area based on the Consumer Price Index figures for October 1981 to the present, we consider the $83 rate to be reasonable in light of the statutory authority of § 2412(d)(2)(A). Accordingly, we allow Ford's motion for attorneys' fees in the amount of $1,784.50 based on 21.5 hours of work at the rate of $83 per hour. It is so ordered.