**David WALDEN, Plaintiff,**

v.

**Otis R. BOWEN, Secretary of Health and Human Services, Defendant.**

**No. 84 C 2495.**

United States District Court,
N.D. Illinois, E.D.

April 27, 1987.

Deborah Spector, Chicago, Ill.,

Linda S. Wawzenski, Asst. U.S. Atty., Chicago, Ill.,

## MEMORANDUM OPINION

GRADY, District Judge.

This case is before us on the application of plaintiff David Walden for attorneys' fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A). For the reasons stated below, plaintiffs application is granted and fees are awarded at the rate of $75.00 per hour.

## FACTS AND PROCEDURAL BACKGROUND

Plaintiff applied for disability insurance benefits on February 1, 1982, pursuant to Title II, Sections 216(i) and 223 of the Social Security Act, 42 U.S.C. §§ 416(i) and 423. The defendant Secretary of Health and Human Services ("Secretary") denied the initial application, concluding that plaintiff could return to his past job as a security guard and therefore was not disabled. Administrative Record at 68 ("AR"). Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), which took place on July 7, 1983. AR at 17. The ALJ ruled that plaintiff was not disabled and could perform light work, including that of a security guard, despite his finding that plaintiff had severe degenerative arthritis and post-operative fusion of the right ankle, as well as possible arterial insufficiency in the right foot. AR at 13–14. Plaintiff filed an action for judicial review in this court and the case was as-signed to Magistrate Joan B. Gottschall pursuant to 28 U.S.C. § 636(b)(1)(B).

Magistrate Gottschall issued her Report and Recommendation ("Report") to this court on December 6, 1985. She found that the ALJ's rulings that plaintiff was not disabled and could perform his past work were not supported by substantial evidence and that "the evidence in the record considered as a whole establishes that plaintiff is disabled within the meaning of the Social Security Act." Report at 16. She recommended that the Secretary's decision be reversed and that summary judgment be granted for the plaintiff. Neither party objected to the Report within ten days as required by Federal Rule of Civil Procedure 72. We determined that there was no clear error on the face of the record and accepted Magistrate Gottschall's Report, reversing the Secretary's decision and granting summary judgment for plaintiff. *Walden v. Bowen*, No. 84 C 2495, Order at 1 (N.D.Ill. June 11, 1986) (Grady, J.). The case was remanded to the Secretary to determine the amount of plaintiff's past-due benefits.

Plaintiff then filed an application for an award of attorneys' fees under EAJA. He argues that the Secretary's position in defending the case was not "substantially justified" under § 2412(d)(1)(A). The plaintiff requests fees for work performed before this court at the rate of $88.00 per hour, well above the statutory rate of $75.00 per hour, asserting that cost of living increases in the Chicago area permit us to allow the higher fee under § 2412(d)(2)(A)(ii) of EAJA. The Secretary opposes the award of fees, claiming that his position throughout the administrative proceedings and in federal court was substantially justified. He also opposes the increase in attorney's fees to $88.00 per hour.

## DISCUSSION

### Substantial Justification

In assessing an EAJA claim for fees, we look to the decision of the ALJ as the expression of the government's position. The ALJ assessed plaintiff's disability claim in accordance with the five-step se-

quential evaluation in 20 C.F.R. § 404.1520 (1985):

1. An individual who is working and engaging in substantial gainful activity will not be found "disabled" regardless of medical findings. 20 C.F.R. § 404.1520(b) and § 416.-920(b).

2. An individual who does not have a "severe impairment" will not be found "disabled." 20 C.F.R. § 404.-1520(c) and § 416.920(c).

3. If an individual is not working and is suffering from a severe impairment which meets the duration requirement and which "meets or equals a listed impairment in Appendix 1" of subpart P of Regulations No. 4, a finding of "disabled" will be made without consideration of vocational factors. 20 C.F.R. § 404.1520(d) and § 416.920(d).

4. If an individual is capable of performing work he or she has done in the past, a finding of "not disabled" must be made. 20 C.F.R. § 404.-1520(e) and § 416.920(e).

5. If an individual's impairment is so severe as to preclude the performance of past work, experience and residual functional capacity must be considered to determine if other work can be performed. 20 .F.R. § 404.-1520(f) and § 416.920(f).

The ALJ, at step 3 of the sequential evaluation,[1] found that plaintiff had severe degenerative arthritis, but that his impairment did not meet the requirements of Section 1.03 of Part 404, Appendix 1. In relevant part, Section 1.03 provides that a plaintiff with arthritis in a major weight-bearing joint is disabled. The "listing" describes the symptoms as follows:

Arthritis of a major weight-bearing joint (due to any cause) with limitation of motion and enlargement or effusion in the affected joint, as well as a history of joint pain and stiffness. With:

A. Gross anatomical deformity such as subluxation, contracture, bony or fibruous ankylosis or instability, or

. . . .

C. Reconstructive surgery or surgical arthrodesis of a major weight-bearing joint and return to full weight-bearing status did not occur, or is not expected to occur, within 12 months of onset.

20 C.F.R. Part 404, Appendix 1, § 1.03 (1985).

The plaintiff in this case asserts that the Secretary's position was not substantially justified because "the government's litigation position has not only been contrary to virtually all the evidence, but has been inconsistent with the defendant's rules and with long-standing judicial interpretation of those rules." Plaintiff's Memorandum at 6. Magistrate Gottschall found that the ALJ's decision that the plaintiff did not meet the criteria for a showing of disability was unsupported by substantial evidence. In fact, she determined that the medical reports in the record constituted substantial evidence that plaintiff was disabled under Section 1.03 and could not return to his former work. Report at 10, 14. She pointed out the results of examinations by Doctors Ravi and Foley reflecting that the plaintiff's ankle was enlarged (AR at 132, 148) and that both ankles were painful and stiff (AR at 131, 148), which clearly supported plaintiff's contention that he suffered from "Arthritis of a major-weight bearing joint" under Section 1.03.

Magistrate Gottschall also found that plaintiff had produced evidence of the symptoms necessary in establishing disability for arthritis listed under subsections A and C. The record is replete with references to plaintiff's "surgical arthrodesis"—the stiffening of a joint by surgical means—

---

1. Step 2 of the evaluation, known as the severity test, has been declared invalid by *Johnson v. Heckler,* 593 F.Supp. 375 (N.D.Ill.1984), *aff'd,* 769 F.2d 1202 (7th Cir.1985), *reh. en banc denied,* 776 F.2d 166 (7th Cir.1985). In *Johnson,* Judge Bua held that the severity test is invalid because it fails to take into account a plaintiff's vocational factors as required by the Act. However, in this case plaintiff's disability determination did not turn on step 2. The ALJ here found plaintiff's condition *was* severe, and proceeded to steps 3 and 4 to determine that plaintiff's condition was not disabling.

and his inability to bear full weight on that ankle. Dr. Ravi's report stated, "The patient is limping on the right leg. He needed support to walk even a few steps." AR at 132. Dr. Foley observed, "He limps with a stiff right heel. He cannot heel or toe walk on the right side due to the fused right ankle." AR at 148.

Magistrate Gottschall also determined that the ALJ's dismissal of plaintiff's complaints of pain and limitations of motion as "less than credible" was improper. The ALJ stated that although plaintiff claimed weakness in the grip of his left hand, he observed the plaintiff at the hearing carry a bag and open a door with that hand. As the magistrate noted, this is an inadequate basis for discrediting testimony; the ALJ must specifically conclude that the plaintiff's testimony is not credible and state the reasons for that conclusion. *Zblewski v. Schweiker*, 732 F.2d 75, 79 (7th Cir.1984); Report at 11. "The ALJ cannot rely solely on the observation of the claimant during the hearing; and, the ALJ must cite some *other* evidence for denying a claim for pain in addition to personal observation." *Meyers v. Heckler*, 625 F.Supp. 228, 236 (S.D. Ohio 1985). Magistrate Gottschall also cited as error the ALJ's failure to consider a psychological evaluation of plaintiff as evidence of mental difficulties contributing to his impairment. Report at 16.

There is little doubt that the ALJ's ruling, and therefore the position of the Secretary, was unsupported by substantial evidence. Indeed, the Secretary did not object to the Magistrate's Report.[2] However, the

Secretary maintains that his position was "substantially justified." The relevant section of EAJA provides:

[A] court shall award to a prevailing party other than the United States fees and other expenses, ... incurred by that party in any civil action (other than cases sounding in tort) brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).

"Substantially justified" means that the Secretary's decision had a reasonable basis in law and fact. *McDonald v. Schweiker*, 726 F.2d 311, 316 (7th Cir.1983). "The government's position is not considered unreasonable solely because it lost." *Bohn v. Heckler*, 613 F.Supp. 232, 239 (N.D.Ill. 1985). Yet in a case where the Secretary's factual finding that the plaintiff was not disabled is not supported by substantial evidence, we fail to see how its position can be substantially justified.

Findings of the Secretary in disability determinations are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g).[3] Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971). The evidence here could not be accepted by

---

**2.** Plaintiff submits that had the Secretary believed Magistrate Gottschall's Report to be in error, he should have filed exceptions to that Report or appealed our decision accepting her recommendation. Plaintiff's Application and Affidavit for Attorneys' Fees at 1. We disagree; the Secretary is under no obligation to object to the Report in order to preserve his right to contest an EAJA fee application. Like any civil defendant, the Secretary may elect to bypass further litigation and cut his losses, even in cases where he believes his position to be correct; the cost and effort may not be worth the possible eventual victory. To require the Secretary to object to a magistrate's report or appeal a court decision in order to defend against EAJA applications would result in additional delay in an already cumbersome system.

**3.** Under the Administrative Procedure Act, agency action taken as the result of fully-recorded, formal adjudication or rulemaking is reviewed under the "substantial evidence" standard of review. 5 U.S.C. § 706(2)(E). In determining whether a "reasonable mind" might accept the evidence as adequate to support a conclusion, the reviewing court is not permitted to substitute its judgment for the agency's merely because there is evidence to support the court's point of view. "Instead, the court must evaluate the record of the agency's proceedings to ascertain whether there is evidence in the record as a whole to support the agency's decision, regardless of whether the court would have reached a different conclusion on the same set of facts." 5 B. Menzies, J. Stein, J. Gruff, *Administrative Law* § 51.02 at 51–28 (1985).

a reasonable mind to support the ALJ's conclusion that the plaintiff was not disabled. Therefore, we believe that conclusion cannot be said to be "substantially justified." To say otherwise is to deprive the words "substantially" and "justified" of their ordinary—and indeed, any sensible —meaning.

The legislative history of EAJA supports such a conclusion.

> The test of whether or not a government action is substantially justified is essentially one of reasonableness. In order to defeat an award, the government must show that its case had a reasonable basis in law and fact.... The standard and burden of proof adopted in S. 265 represents an acceptable middle ground between an automatic award of fees and the restrictive standard proposed by the Department of Justice [under which the government's case must be "frivolous" to entitle the other party to fees]. It presses the agency to address the problem of abusive and harassing regulatory practices. It is intended to caution agencies to carefully evaluate their case and not to pursue those which are weak or tenuous. At the same time, the language of that section protects the government when its case, though not prevailing, has a reasonable basis in law and fact. Furthermore, it provides a safety valve where unusual circumstances dictate that the government is advancing in good faith a credible, though novel, rule of law.

H.Rep. No. 1418, 96th Cong., 2d Sess. 14, *reprinted in* 1980 U.S.Code Cong. & Admin.News, pp. 4953, 4993.

The Secretary did not advance any novel legal theories in this case; he insisted that plaintiff was not disabled, without substantial evidence in support of his position. He did not have a "reasonable basis" in *fact* for denying plaintiff disability benefits. Our review of the evidence in the record reveals that the Secretary could point to the residual functional capacity reports of two physicians to support his assertion that plaintiff did not meet the arthritis listing in Section 1.03. Dr. Kudlika stated that plain-

tiff could stand or walk about six hours a day and "could walk without cane for short distances." AR at 150–51. Dr. Gover opined that although plaintiff would have difficulty lifting more than 20 pounds he "should be able to walk without a cane. No objective evidence to indicate necessity for cane. Should be capable of light work." AR at 154. Yet the weight of the evidence is so much to the contrary that the Secretary could not reasonably base his case on the reports of those two doctors. In addition to the two examining doctors, Ravi and Foley, two other doctors filed residual functional capacity reports indicating that plaintiff could not walk without a cane for even a few steps. AR at 140, 144. Moreover, the ALJ improperly discredited plaintiff's testimony on pain and stiffness, testimony that would have further supported his claim of arthritis in his right ankle under Section 1.03.

■ In short, we believe that in any case where factual findings of the Secretary are held not to be supported by substantial evidence, it follows that the Secreatary's position in the litigation is not substantially justified and fees are properly awarded under EAJA. The legislative history indicates that the "substantial justification" standard would protect the government from paying fees where its defense was based on an uncertain legal question; this was the case in *McDonald v. Schweiker,* 726 F.2d 311 (7th Cir.1983), in which the government asserted not that the plaintiff was able to work, but that the government could not be estopped from contesting the computation of her disability date on the basis of a clerk's error in giving information to the plaintiff. *Id.* at 316. The court reversed the award of fees.

*Meyers v. Heckler,* 625 F.Supp. 228 (S.D. Ohio 1985), provides a more revealing comparison. There, the ALJ cited the reports of two doctors who said plaintiff could do medium work. As in this case, where the ALJ mishandled the finding of credibility, the *Meyers* court ruled that the conclusion of the ALJ was unsupported by "substantial evidence" because he had rejected the reports of the treating physician and dis-

counted plaintiff's corroborative testimony. The treating physician said that plaintiff was "effectively disabled," an opinion that "should have been given significant weight by the ALJ had he followed precedent." *Id.* at 235. The court awarded EAJA fees, stating "The ALJ applied improper legal standards by failing to give the requisite weight to the treating physician's testimony.... Accordingly, the government's position had no legal basis in law. Because we also found that the ALJ's conclusions had no reasonable basis in fact, we hold that the government was not substantially justified." *Id.* at 236.

 As in *Meyers*, the ALJ in this case applied improper legal standards in discounting certain evidence and was simply wrong in his weighing of the evidence as a whole. By definition, a decision which is not supported by substantial evidence has no reasonable basis in law and fact. Therefore, the Secretary cannot be "substantially justified" in relying on such a decision. We will grant the plaintiff's application for fees under EAJA.

**Amount of Hourly Fee**

Section 2412(d)(2)(A)(ii) of EAJA states that "attorney fees shall not be awarded in excess of $75 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." Plaintiff submits a copy of the Consumer Price Index reflecting an increase in the cost of living in Chicago that supposedly justifies a fee of $88 per hour, in excess of the statutory maximum. However, Section 2412(d)(2)(A) requires only that a "reasonable" fee be granted; the computation of attorney fees is to be based on prevailing market rates. H.Rep. No. 1418, at 4994. The cost of living notwithstanding, we believe that $75.00 per hour is a reasonable fee for the attorneys' efforts in this case in the absence of any "special factors." The work done by plaintiff's counsel was routine in nature; most of the entries in the fee petition involve communications between counsel and plaintiff and

the filing and review of court papers. As a result, we grant attorneys' fees of $75.00 per hour for 23.50 hours of work, totaling $1,762.50.

**CONCLUSION**

Plaintiff's application for fees under the Equal Access to Justice Act is granted. The Secretary is ordered to pay plaintiff $1,762.50 in attorneys' fees.