**Judith GLUCK, on Behalf of Christopher GLUCK, Plaintiff,**

v.

**Otis R. BOWEN, M.D., Secretary of Health and Human Services, Defendant.**

**No. 82 C 3202.**

United States District Court, N.D. Illinois, E.D.

Dec. 18, 1987.

**166**

Judith Gluck, Antioch, Ill., pro se.

Eileen Marutsky, Asst. U.S. Atty., Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

Petitioners Robert P. Burns of the Northwestern University Legal Clinic ("Burns" or "current counsel") and Alan S. Ganz of Rooks, Pitts and Poust ("Rooks" or "former counsel") petition for the attorneys' fees and costs incurred during their successful litigation against the Secretary of Health and Human Services for their client, Judith Gluck ("Gluck"). For the following reasons, we grant the petitions in the amounts noted below.

The Secretary of Health and Human Services ("Secretary") denied Gluck social security insurance benefits for her son, Christopher, on the earnings record of the father. Gluck brought this action to recover those benefits. We appointed former counsel to represent Gluck *pro bono publico.* Finding the administrative record developed at the earlier proceedings inadequate, we allowed Gluck to pursue certain limited discovery efforts. On October 28, 1983, we remanded the cause to the Social Security Administration for the appropriate administrative proceedings. After a final denial of paternity, this action came before us again. We granted Rooks leave to withdraw on March 15, 1985, and subsequently appointed Burns who represented Gluck throughout the remainder of this action which was

1. Rooks seeks fees and costs pursuant to the EAJA and, alternatively, the Social Security Act, 42 U.S.C. § 406(b)(1). Since we grant the peti-

ultimately resolved by summary judgment in Gluck's favor.

Current counsel now petitions this court for $5,643.75 in attorneys' fees (for 75.25 hours of attorney time) and $123.00 in costs from the defendant pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. The Secretary does not oppose that petition and we accordingly grant it. Pursuant to *Ford v. Bowen,* 663 F.Supp. 220 (N.D.Ill.1987), in which we adjusted the recoverable hourly fee to $83.00, we increase the attorneys' fee award to $6,245.75. Former counsel petitions for fees and costs in an unspecified amount.[1] The Secretary contends that former counsel cannot recover fees and costs in the amount asserted or any amount. We disagree and award former counsel fees and costs pursuant to the EAJA.

### Basis of Award to Former Counsel

The EAJA provides that a prevailing plaintiff in an action against an agency of the United States may recover fees and costs as long as the position of the agency was not substantially justified or special circumstances require otherwise. 28 U.S.C. § 2412(d)(1)(A). By not opposing current counsel's petition, the Secretary concedes that the plaintiff prevailed and that the position of the Secretary throughout this litigation was not substantially justified. The Secretary nevertheless opposes former counsel's petition on the grounds that Gluck became a prevailing party only after former counsel's representation, former counsel contributed insignificantly to Gluck's ultimate success in this action, and it would be unjust to reward former counsel for withdrawing after losing the administrative appeal.

Despite the Secretary's objections, we consider an award to Rooks appropriate. The fact that Gluck prevailed only after Rooks' representation does not preclude recovery of fees and costs under the EAJA. Attorneys who participate in a case are entitled to their proportionate share of fees even if they do not bring the case to fruition. *Mills v. Eltra Corp.,* 663 F.2d 760

tion under the EAJA, we need not consider the merits of an award under the Social Security Act.

(7th Cir.1981). There is no support for insulating the government from assuming the full cost of the prevailing party's representation merely because of a legitimate change in counsel.[2] Rooks' contributions to Gluck's success in this litigation were significant. Rooks successfully requested discovery and moved to remand for further administrative proceedings. Rooks also represented Gluck throughout the administrative proceedings. The record upon which we found for Gluck was developed at those proceedings and was based on the arguments prepared and presented by Rooks. That former counsel withdrew with our leave after the unsuccessful administrative proceedings does not lessen their contribution to their client's ultimate success.

We believe that our decision serves the primary purpose of the EAJA to "ensure that [private parties] will not be deterred from seeking review of, or defending against, unjustified governmental action because of the expense involved in securing the vindication of their rights." H.R.Rep. No. 120, 99th Cong., 1st Sess. 4, reprinted in 1985 U.S. Code Cong. & Ad. News 132, 132–133. Attorneys' fee awards encourage the private bar to pursue actions such as this one. *Hoitt v. Vitek,* 495 F.2d 219 (1st Cir.1974). Refusing to award attorneys' fees to counsel who put in effort for the client but legitimately withdraw prior to final disposition would offset any encouragement to take on these cases that the possibility of a fee award creates. The risk that legitimate withdrawal could nullify any potential award would lessen the incentive to pursue such actions. Accordingly, we conclude that Rooks is entitled to an award despite early withdrawal.

### *Amount of Award to Former Counsel*

Former counsel concede that they can recover only attorneys' fees at $75.00 per hour and costs accrued prior to our October 20, 1983 remand of this action. Rooks' fee schedule indicates fifty-four hours of attorney time and $322.50 in costs.

■ The Secretary contests reimbursement for the portion of the fifty-four hours devoted to discovery, contending that discovery did not serve any purpose in this action because our decision in the case was limited to the administrative record. Prior to our October 28, 1983 remand, we granted Gluck's motion to pursue discovery and have subpoenas served *in forma pauperis* because we believed that the record of the administrative proceedings prior to the filing of this action was inadequately developed. Our subsequent decision to remand for further proceedings obviated the need for such discovery. Nevertheless, Rooks' motion to pursue discovery and the subsequent discovery efforts were legitimate. We see no basis for disallowing recovery of fees for legitimate efforts by the attorney simply because the court and the parties subsequently agreed upon a more fruitful approach to resolving this litigation. We accordingly award former counsel $4,482.00 (54 times $83.00).

The $322.50 in costs that Rooks sets forth constitutes the time spent by a law clerk and two paralegals to prepare, file, and serve deposition notices. The Secretary contests these costs for the same reasons he contested the attorney time devoted to discovery. For reasons previously set forth herein, we reject that contention. However, we find these costs excessive and reduce the award of costs in half to the amount of $161.25.

### *Conclusion*

Burns' petition for attorneys' fees and $123.00 in costs is granted, and we adjust the attorneys' fee award to $6,245.75. Rooks' petition is granted pursuant to 28 U.S.C. § 2412 in the amounts of $4,482.00 in fees and $161.25 in costs. It is so ordered.

---

**2.** The cases cited by the Secretary at most stand for the proposition that former counsel could not petition for fees and costs until Gluck prevailed. *Brown v. Secretary of Health & Human*

*Services,* 747 F.2d 878, 885 (3d Cir.1984); *McGill v. Secretary of Health & Human Services,* 712 F.2d 28, 32 (2d Cir.1983), cert. denied, 465 U.S. 1068, 104 S.Ct. 1420, 79 L.Ed.2d 745 (1984).