**Ghattas H. AZZO, Plaintiff**

**v.**

**Otis R. BOWEN, Secretary of Health and Human Services, Defendant.**

**No. 85 C 4552.**

United States District Court,
N.D. Illinois, E.D.

Sept. 7, 1988.

Frederick J. Daley, Chicago, Ill., for plaintiff.

Martin B. Lowery, John S. Brennan, Asst. U.S. Attys., Chicago, Ill., for defendant.

## MEMORANDUM OPINION

BRIAN BARNETT DUFF, District Judge.

Plaintiff Ghattas H. Azzo, having prevailed in his challenge to an Administrative Law Judge's initial ruling that he was not "disabled," now seeks attorneys fees from defendant Otis R. Bowen, Secretary of Health and Human Services, pursuant to the Equal Access to Justice Act ("the EAJA"), 28 U.S.C. § 2412. He asks for $5613.50—the sum of: $5377.50 in hourly fees (57.75 hours at $90.00 per hour); $190.00 in expenses; and $46.00 in costs. Defendant does not deny that plaintiff is entitled to fees under § 2412, but he does contest the amount plaintiff requests, for a variety of reasons.

## DISCUSSION

The Secretary argues that the EAJA only entitles plaintiff to an hourly rate of $75.00. Section 2412(d)(1)(C) provides:

Attorney fees shall not be awarded in excess of $75.00 per hour unless the Court determines that an increase in the cost of a living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

The Secretary acknowledges that a number of judges in this district routinely apply a cost of living adjustment to the $75.00 rate, see e.g., Inyard v. Bowen, 85 C 5114 (January 28, 1987) (Duff, J.); Ruiz v. Bowen, 84 C 7394 (February 19, 1987) (Marshall, J.) [available on WESTLAW, 1987 WL 7305]; McGee v. Bowen, 84 C 5093 (May 15, 1987) (Moran, J.) [available on WESTLAW, 1987 WL 11369]; Ford v. Bowen, 663 F.Supp. 220 (N.D.Ill.1987) (Aspen, J.); Jones v. Bowen, 85 C 5064 (August 19, 1986) (Leighton, J.), but argues that an automatic adjustment for inflation is improper. According to the Secretary, the $75.00 rate should only be increased if plaintiff establishes that an adjustment is necessary to ensure that qualified attorneys will be available for these types of cases, and that plaintiff has made no such showing here. Two cases in this district support that view.

In Westerfield v. Bowen, 86 C 3524 (June 24, 1987), Judge Getzendanner refused to grant a cost-of-living adjustment to the $75.00 rate, reasoning that the EAJA provides for upward adjustment only if inflationary factors justify the increase and that the plaintiff's own evidence demonstrated that $75.00 was within the billing range of her attorney. In Walden v. Bowen, 660 F.Supp. 1250 (N.D.Ill.1987), Judge Grady denied a cost-of-living adjustment because he found that "[t]he work done by plaintiff's counsel was routine in nature." Id. at 1255.

■ This court does not find these two cases persuasive. As Judge Marshall perspicaciously stated in Ruiz, "[t]he justification for an increase [under § 2412] is stated in the disjunctive." Ruiz v. Bowen, slip op. at 2. The need to ensure the availability of qualified counsel is a "special factor" justifying an increase and thus is not necessary to invoke the cost-of-living provision. See Continental Web Press, Inc. v. NLRB, 767 F.2d 321, 323–24 (7th Cir.1985) (denying plaintiff's request for increase based on "special factors," but granting

unopposed request for cost of living adjustment).

Furthermore, the complexity of the work is adequately accounted for by the number of hours the attorney expends on the case; if the attorney's hours are reasonable, to reduce his fee request based on the non-complexity of the work would be redundant. *Cf. McGee v. Bowen,* slip op. at 8 (rejecting request for large increase in hourly rate based on extreme complexity of case because complexity is reflected in the large number of reasonable hours for which attorney is compensated).

It is also worth noting that Judge Getzendanner apparently reconsidered her approach in *Westerfield* when, in *Stein v. Bowen,* 83 C 5000 (August 31, 1987), she indicated that, pending a contrary ruling by the Seventh Circuit, she would adopt the approach of the vast majority of judges in this district and routinely allow requests for $90.00 an hour. Accordingly, this court will grant plaintiff a cost-of-living adjustment.

The Secretary next argues that, if the court does allow a cost-of-living adjustment, it should do so only for the period since the statute was re-enacted in 1985. By re-enacting the 1981 statute with the same base rate as that contained in the original, the Secretary argues, Congress expressed its view that $75.00 remained a proper base rate in 1985. This argument, though not unreasonable, has been rejected by the vast majority of courts to consider it, including the cases from this district discussed above. *See also Hirschey v. Federal Energy Regulatory Commission,* 777 F.2d 1, 4–5 (D.C.Cir.1985); *Hyatt v. Heckler,* 807 F.2d 376 (4th Cir.1986). "The EAJA when originally enacted had a sunset provision calling for a specific expiration date, and the so-called re-enactment exhibits congressional intent to continue the operation of the original provisions as if the EAJA had never 'expired'." *Ford v. Bowen,* at 221–22. Thus, plaintiff's request for a $90.00 hourly rate will be allowed.

Finally, the Secretary maintains that plaintiff should not be allowed to charge for the one and one-quarter hours his attorney spent drafting and appearing on the petition for fees. Although the court agrees that a party entitled to fees can recover for the time he spends *litigating* the fee request only if the Secretary's opposition to it is not "substantially justified," *see Continental Web Press, Inc. v. NLRB,* 767 F.2d at 324, that is not the issue here. Plaintiff has not requested fees for his lawyer's time in litigating the fee petition, he has only sought recovery for the time needed to file the petition. This time stems not from the Secretary's opposition to the fee petition, but instead from the Secretary's position in the underlying litigation.

In other words, while plaintiff's entitlement to fees for litigation on his fee petition would require a separate analysis than his entitlement to fees for prevailing in the underlying case, this separate analysis should not apply to the filing of the fee petition, for that initial work will be necessary whether or not the Secretary has substantial justification for opposing the petition. Accordingly, the court will compensate plaintiff for the time his attorney spent on the petition.

CONCLUSION

Plaintiff's motion for $5613.50 in attorney's fees is granted.