Maurice BURKS, Plaintiff,

v.

Otis R. BOWEN, M.D., Secretary of Health and Human Services, Defendant.

No. 86 C 7284.

United States District Court, N.D. Illinois, E.D.

Sept. 23, 1988.

Frederick J. Daley, Chicago, Ill., for plaintiff.

Donna Morris Weinstein, Regional Counsel, Health and Human Services, Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

Maurice Burks, the plaintiff and prevailing party in this suit against the Secretary of Health and Human Services ("Secretary"), moves for attorneys' fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A) (Supp. IV 1986). The Secretary concedes that attorneys' fees should be allowed, but challenges the hourly fee sought by plaintiff's counsel and the award of any fees for the preparation and defense of the EAJA fee petition. For the reasons that follow, we reject both of the Secretary's challenges and allow attorneys' fees at $90 an hour for 29.25 hours.

Section 2412(d)(1)(A) provides for an award of attorneys' fees incurred by the prevailing party in a civil action, including those for judicial review of agency action, brought against the United States unless the court finds that the position of the United States was substantially justified. The fees recoverable under this subsection include reasonable attorneys' fees, based upon prevailing market rates, with the proviso that the attorneys' fees shall not be awarded in excess of $75 per hour unless the court determines that an increase in the cost of living justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A). Plaintiff argues that a 19.9 percent increase in the cost of living between October 1981, when the EAJA first became effective, and December 1986, the last month for which statis-

tics were available, justifies a higher fee of $90 an hour.[1]

■ The Secretary disputes the award of a higher rate for attorneys' fees on two grounds. First, he argues that the $75 figure in the EAJA is a ceiling, not a floor. This Court has already rejected this exact argument as "absurd" in *Ford v. Bowen*, 663 F.Supp. 220, 221 (N.D.Ill.1987) (Aspen, J.). As we noted in *Ford*, the Act explicitly permits a court to award a fee in excess of $75 an hour if "the court determines that an increase in the cost of living ... justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A) (Supp. IV 1986). In addition, the Seventh Circuit has explicitly acknowledged the court's authority to take into account cost of living increases. *Continental Web Press, Inc. v. NLRB*, 767 F.2d 321, 323–24 (7th Cir.1985). Finally, we note that the Supreme Court has recently examined the EAJA and, in doing so, did not question the award of inflation-adjusted fees, even though it did reduce the award in that case on other grounds. *Pierce v. Underwood*, — U.S. —, 108 S.Ct. 2541, 2553, 101 L.Ed.2d 490 (1988). We believe this represents an implicit endorsement of our approach.

■ The Secretary's second argument is that even if a cost of living increase is allowed, it should be measured only from August 4, 1985 (the date Congress reenacted EAJA after allowing it to expire on October 1, 1984) to August 11, 1986 (the date that plaintiff retained counsel on this matter). The Secretary contends that by reenacting the EAJA in August 1985 without changing the base rate of $75, Congress already accounted for any inflation between the original effective date of October 1981 and the reenactment date of August 1985. We rejected the Secretary's argument in *Ford v. Bowen*, 663 F.Supp. 220, 221 (N.D.Ill.1987), and we reject it again today. The Secretary also contends that we should stop any increase in the cost of living when the plaintiff retained counsel in August 1986. The Secretary makes this argument only in passing and offers no support for it, and we believe it is unwarranted. As the plaintiff suggests, a great deal of time may elapse between the time a party hires counsel and the final disposition of his case. If attorneys are not compensated for any inflation that occurs after taking on a case, they would have no incentive to resolve the case as quickly as possible, perhaps to the prejudice of their clients. At any rate, since the cost of living increase is measured from October 1981, the issue is moot. The increase in the cost of living between October 1981 and August 1986 was 20.0 percent, slightly larger than the increase between October 1981 and December 1986, but still justifying the same $90 hourly fee.

■ The plaintiff also argues that he is entitled to attorneys' fees for the time spent preparing and defending the EAJA fee petition. We agree. A plaintiff is entitled to attorneys' fees for preparation of a fee petition if the government's position in opposing the petition is without substantial justification. *Continental Web Press, Inc. v. NLRB*, 767 F.2d 321, 324 (7th Cir.1985). As we previously observed, the arguments advanced by the Secretary in this case are the same ones we rejected in *Ford v. Bowen*, 663 F.Supp. 220 (N.D.Ill.1987). Since this establishes that the government's position was without substantial justification, we will also grant attorneys' fees for the time plaintiff's counsel spent to draft and defend the fee petition. Plaintiff has requested two hours for drafting the fee petition and two and one-half hours for replying to the Secretary's memorandum in opposition. We reduce the latter figure by one-half hour because one entry includes time for photocopying. The plaintiff also argues that the Secretary's response to the plaintiff's petition was made in bad faith, so the two hours spent replying to the Secretary's petition should be billed at the

---

**1.** The plaintiff bases his claim for $90 an hour on the Chicago-area Consumer Price Index ("CPI") prepared by the United States Labor Department's Bureau of Labor Statistics. The Chicago-area CPI increased from 276.1 in October 1981 to 331.0 in December 1986, an increase of 19.9 percent. Rounding to the nearest dollar, 19.9 percent of $75 is $15, and $75 plus $15 equals the $90 that plaintiff seeks.

purported market rate of $150 an hour. Although the Secretary's position was without substantial justification, we decline to hold that it was in bad faith, so we need not consider whether a higher fee should be awarded for bad faith or whether $150 an hour is truly the market rate.

Accordingly, we grant plaintiff's motion for attorneys' fees for 29.25 hours at $90 an hour, for a total of $2,632.50. It is so ordered.