Eva BOYCE, Plaintiff,

v.

Louis SULLIVAN, M.D., Secretary of the Department of Health and Human Services, Defendant.

No. 88 C 2548.

United States District Court, N.D. Illinois, E.D.

Dec. 20, 1990.

Access to Justice Act, 28 U.S.C. Section 2412 ("EAJA"). Ms. Boyce contends that she is entitled to fees because the position of defendant Health and Human Services Secretary Dr. Louis Sullivan ("the Secretary") in defending the decision of the administrative law judge ("ALJ") was not "substantially justified."

## FACTS

Boyce applied for supplemental security income on November 5, 1985. On April 29, 1987, an ALJ found that Boyce was not disabled. Boyce's request for review by the Appeals Council was denied on August 20, 1987. A civil suit was filed. On December 5, 1988, this court remanded the case to the Secretary stating that it was necessary to obtain evidence to complete the administrative record. (Minute Order dated December 5, 1988.) On January 29, 1990, the ALJ found that Boyce was disabled as defined by the Social Security Act.

## DISCUSSION

Under 28 U.S.C. Section 2412(d)(1)(A),* a party who prevails in any civil action against the United States is entitled to an award of attorney's fees "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." There is no dispute here that Boyce is a "prevailing party." The government bears the burden of proving that its position was substantially justified. *Ramos v. Haig*, 716 F.2d 471, 473 (7th Cir. 1983). The phrase "substantially justified" in 28 U.S.C. Section 2412(d)(1)(A) has been defined as having a "reasonable basis both in law and fact." *Pierce v. Underwood*, 487 U.S. 552, 108 S.Ct. 2541, 2550, 101 L.Ed.2d 490 (1988); *Ramos*, 716 F.2d at 473. A position can be justified even though it is not correct if reasonable people could differ as to the appropriateness of the contested action. *Pierce*, 108 S.Ct. at 2550, n. 2.

Christine M. Naper, Legal Asst. Foundation of Chicago, Chicago, Ill., for plaintiff.

Margaret Gordon, Asst. U.S. Atty., Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

HOLDERMAN, District Judge:

Plaintiff Eva Boyce has applied for an award of attorney's fees under the Equal

---

* While the EAJA does not apply to administrative proceedings under the Social Security Act, it does cover civil actions to review social security decisions of the Social Security Administration. *Berman v. Schweiker*, 713 F.2d 1290, 1296 (7th Cir.1983).

Boyce argues that the ALJ failed to develop an adequate record by neglecting to obtain a psychological evaluation of the claimant upon hearing evidence of symptoms of her mental impairments. (Reply, p. 3.) Boyce contends that once the ALJ had such an evaluation in front of him, he would have found that Boyce was entitled to disability benefits, as he did after the remand from this court with new evidence in front of him. *Id.* According to Boyce, the government must pay Boyce's attorney's fees since the Secretary defended the ALJ's failure to fully develop the record. (Reply, p. 1)

■ The ALJ has a basic obligation at disability insurance entitlement hearings to develop a full and fair record. *Cannon v. Harris,* 651 F.2d 513, 519 (7th Cir.1981). Especially where the claimant is unassisted by counsel, as is the case here, the ALJ has a duty to "scrupulously and conscientiously probe into, inquire of, and explore for all relevant facts." *Id.*

■ In the instant case, the ALJ was presented with enough evidence concerning Boyce's mental condition to require him to obtain further evidence to fully develop the record on the subject. That evidence included a report from Boyce's treating physician, Dr. Robert Richardson, that listed depression and chronic alcoholism as impairments that would affect Boyce's capacity to do work activity. (Admin.Record, p. 215.) Dr. Richardson suggested psychiatric consultation for Boyce. (*Id.* at 194.) Boyce testified that she had to stop driving because she would imagine while driving that she would hit someone. (*Id.* at 69–70.) Boyce also stated that she has a worsening nervous condition (*Id.* at 15–16).

In determining the extent of Boyce's mental impairments, the ALJ relied upon the testimony of a nonexamining psychiatric medical advisor, the consultative evaluation of a neurologist, and the claimant's own testimony. For the reasons set forth below, the court believes that this evidence was insufficient to fully develop the record regarding Boyce's mental impairments.

The ALJ obtained the testimony of a psychiatrist, Dr. Gerson Kaplan. Dr. Kaplan's testimony was based solely on the evidence in the record including Boyce's testimony at the hearing. But for a deficient report by an examining neurologist (discussed below), the evidence relied upon by Dr. Kaplan did not contain any firsthand evaluations of claimant's mental condition. Without a personal examination of Boyce (or even a review of another qualified professional's thorough personal examination and evaluation), this testimony deserves little weight in the overall evaluation of her mental status. *See Allen v. Weinberger,* 552 F.2d 781, 786 (7th Cir.1977). This is especially true when the impairment at issue is a mental one, the evaluation of which is more subjective and compels greater examination than a physical impairment. *Cf. Garrison v. Heckler,* 765 F.2d 710, 714–15 (7th Cir.1985) (when medical impairments may be described in relatively objective ways, such as a breathing problem, preference for views of treating physician over consulting physician is not applicable).

The ALJ also relied upon the report of a neurologist, Dr. William Koller. The weakness of this evidence is twofold. First, a neurologist is not the appropriate person to evaluate mental impairments. *See* 42 U.S.C., § 421(h). Second, Dr. Koller's psychological exam was insubstantial. According to his report, he spent twenty-five minutes with Boyce. (Admin. Record, p. 172.) During this time, the doctor conducted a physical exam of her general appearance, cranial nerves, motor system, reflexes, cerebellar and sensory capacities, *in addition to* the evaluation of her mental state. Clearly, any mental examination by Dr. Koller was cursory. Such an exam does not provide substantial evidence of Boyce's mental condition. *See Lemberger v. Heckler,* 579 F.Supp. 49, 50, 51 (E.D.N.Y. 1984) (determination, based substantially upon the report of a nontreating consultative psychiatrist who examined plaintiff for less than fifteen minutes, is not supported by substantial evidence).

Furthermore, the court believes that the ALJ did not adequately develop the record with respect to Boyce's drinking habits. Although Boyce denied having a drinking

problem, the fact that the ALJ repeatedly asked Boyce about her drinking habits demonstrates that even he remained unconvinced of her denial of alcohol abuse. (Admin. Record, pp. 51–55, 75.) Although the evidence may have been insufficient to support a finding of disability due to alcoholism, it was sufficient to raise an issue as to Boyce's psychological capacity to engage in substantial gainful activity. *See Cannon v. Harris*, 651 F.2d 513, 519 (7th Cir.1981).

Thus, given the evidence of Boyce's mental condition and the duty of the ALJ to "scrupulously and conscientiously probe into, inquire of, and explore for all relevant facts," the court believes that a consultative psychological examination was warranted. In affording a claimant a full inquiry, the ALJ

> is required to obtain such medical evidence through consultative services as the circumstances warrant. [citations omitted]. The "full inquiry" duty does not require a consultative examination at government expense unless evidence shows such an examination is necessary to allow the ALJ to make a disability decision. [citation omitted]. Generally, where the medical evidence in a case includes a diagnosis of a mental condition impacting a person's ability to perform a wide range of particular work, a consultative psychological examination should be ordered by the ALJ. [citations omitted].

*Johnson v. Bowen*, 648 F.Supp. 443, 449 (N.D.Ill.1986).

The court realizes that the ALJ made several attempts to contact Dr. Michael Reinstein, a psychiatrist who recently began seeing the claimant, in order to obtain treatment records. (Admin. Record, p. 216–26). However, given the evidence above which raises questions concerning claimant's mental state, the inability to obtain these records only enhanced the need for a consultative psychological exam in this case.

Thus, the court does not believe that the ALJ fulfilled his duty to "scrupulously and conscientiously probe into, inquire of, and explore for all relevant facts." In light of

this, the Secretary opposed remand of the case to more adequately develop the record. Therefore, the court finds that the Secretary's position was not substantially justified and attorney's fees should be awarded under the EAJA.

■ Boyce moves for $7,411.59 in attorney's fees. The EAJA provides that attorney's fees shall be awarded at the rate of $75.00 per hour absent a court determination that an increase in the cost of living justifies a higher rate. 28 U.S.C. § 2412(d)(2)(A)(ii). Here, Boyce has requested that the time spent by her attorney, Sherry L. Estes, be compensated at a rate of $102.37 based upon a 36.5 percent increase in the Consumer Price Index ("CPI") from 276.1 in October, 1981, when the EAJA was enacted, to 377.0 in December, 1989. The courts in this district have routinely awarded attorneys' fees based upon hourly rates adjusted upward commensurately with the CPI. *See, e.g., Azzo v. Bowen*, 698 F.Supp. 139, 140 (N.D.Ill. 1988); *Burks v. Bowen*, 696 F.Supp. 385, 386 (N.D.Ill.1988). Moreover, the government has not objected to the hourly rate of $102.37 requested by Boyce. Accordingly, the court finds the rate appropriate. Even though the government has not objected to the time spent on this case by Estes, the court has reviewed the time incurred and finds it reasonable.

## CONCLUSION

Claimant Boyce's motion for $7,411.59 in attorney's fees is GRANTED.