Glendine BURR, Plaintiff,

v.

Otis R. BOWEN, M.D., Secretary of
Health and Human Services,
Defendant.

No. 87 C 10636.

United States District Court,
N.D. Illinois, E.D.

Jan. 16, 1992.

JoAnn Villasenor, Sherry L. Estes, Steven F. Fabry, Legal Assistance Foundation of Chicago, Chicago, Ill., for plaintiff.

Margaret C. Gordon, Eileen M. Marutzky, Asst. U.S. Attys., for defendant.

## MEMORANDUM AND ORDER

LINDBERG, District Judge.

Claimant, Glendine Burr, petitions this court to enter a final order, adopting a decision of the Secretary of the Department of Health and Human Services (Secretary), rendered following a remand of this cause by this court to the Secretary. Claimant also petitions for attorney fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C.A. § 2412 (West Supp.1991). Claimant's petition for entry of a final order is granted, and her petition for attorney fees is granted in part and denied in part.

FACTS:

On June 20, 1985, claimant filed an application for supplemental security income, alleging inability to work due to seizures and pain in her right leg and ankle. The claim was denied by a hearing decision dated March 19, 1987. Claimant filed a request for review with the Appeals Council. On July 21, 1987, the Appeals Council affirmed the hearing decision. This was the final decision of the Secretary.

On December 17, 1987, claimant filed a complaint with this court seeking review of the Secretary's final decision that claimant was not entitled to disability benefits. A Magistrate Judge found that the record was devoid of substantial evidence to support either a finding of disability or nondisability because of the Secretary's admitted failure to follow his own regulations and because of his failure to fully and fairly develop the administrative record.

On July 23, 1990, this court, in accordance with the Magistrate Judge's report and recommendation, remanded the case to the Secretary to fully and fairly develop the record, and instructed the Secretary to complete a psychiatric review technique

form and to send claimant for electroencephalogram and neurological examinations. The Secretary was ordered to report his findings and conclusions to the court within 120 days. On March 7, 1991, the Administrative Law Judge (ALJ) found claimant disabled from the date of her application. The ALJ's findings became the Secretary's final decision when the Secretary did not take jurisdiction within sixty days of the ALJ's decision. Supplemental Security Income for the Aged, Blind, and Disabled, 20 C.F.R. § 416.1484(c) (1991). The Secretary did not report the ALJ's findings back to the court.

Claimant now petitions the court to enter a final order adopting the Secretary's decision and for attorney fees pursuant to the EAJA.

DISCUSSION:

A. *Jurisdiction*

The first issue that the court must resolve is whether or not it has jurisdiction to enter final judgment.

In order to resolve this issue the court must determine whether it has already entered a final judgment and what type of remand it contemplated in its July 23, 1990, order. This is due to the interplay of the two statutes that control the issue raised.

■ The first of these statutes is the EAJA, which requires a prevailing party, seeking an award of attorney fees, to submit an application for fees to the court within thirty days of *final judgment* in the action. *See* 28 U.S.C.A. § 2412 (West 1991 Supp.). This requirement is jurisdictional. *See Jabaay v. Sullivan*, 920 F.2d 472, 476 (7th Cir.1990). Thus, if this court entered final judgment on July 23, 1990, then claimant's petition for fees is untimely. If the court has not yet entered final judgment, then claimant has thirty days from the date of final judgment to submit a fee application.

■ The second of these statutes is 42 U.S.C.A. § 405(g) (West 1983) (§ 405(g)). Section 405(g) authorizes two types of remands. Sentence four of § 405(g) provides that the court shall have power to enter a judgment affirming, modifying, or revers-

ing the decision of the Secretary, with or without remanding the cause for a rehearing (sentence four). In a sentence four remand, by either affirming, modifying, or reversing the Secretary's decision, the court substantively rules on the correctness of the administrative determination. Also, the court does not manifest any intent to retain jurisdiction, but rather remands to the agency for all further proceedings. *See Melkonyan v. Sullivan*, —— U.S. ——, 111 S.Ct. 2157, 2164, 115 L.Ed.2d 78 (1991). Thus, a sentence four remand is a remand following a final judgment. For this reason, in sentence four cases the filing period for attorney fees under the EAJA begins to run after the court enters final judgment ("affirming, modifying, or reversing") and the appeal period has run, without consideration of post-remand proceedings over which the court does not retain jurisdiction. *See Melkonyan*, 111 S.Ct. at 2165.

■ Sentence six of § 405(g) provides for another type of remand.

Sentence six provides that the court may, on motion of the Secretary made for good cause shown before he files his answer, remand the case to the Secretary for further action by the Secretary, and that it may at any time order additional evidence to be taken before the Secretary, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding[.]

42 U.S.C. § 405(g) (sentence six). "In a sentence six remand the court remands because new evidence has come to light that was not available to the claimant at the time of the administrative proceeding and that evidence might have changed the outcome of the prior proceeding." *Melkonyan*, 111 S.Ct. at 2163. In a sentence six remand the court manifests an intent to retain jurisdiction. *See Melkonyan*, 111 S.Ct. at 2164. A sentence six remand is a remand without entry of a final judgment, and, therefore, in sentence six cases the filing period for attorney fees under the EAJA does not begin until after the post-

remand proceedings have been completed, the Secretary has returned to court, the court has entered a final judgment, and the appeal period has run. *See Melkonyan,* 111 S.Ct. at 2165.

The parties disagree over what kind of remand was ordered and, consequently, over whether there was a final judgment. The Secretary argues that this court remanded this cause pursuant to sentence four and that there was a final judgment. Claimant argues that the remand was ordered pursuant to sentence six and, therefore, there was no final judgment.

After reviewing the record in light of the arguments of the parties, the court finds that the cause was remanded pursuant to sentence six. The court notes, however, that the remand pursuant to sentence six may have been erroneous.

### 1. SENTENCE FOUR

■ The court did not remand pursuant to sentence four. The Magistrate Judge's recommendation noted that neither side presented substantial evidence to support their respective positions. The Magistrate Judge stated that no sound determination of disability or non-disability could be made on the record and that both sides should be permitted to introduce evidence on all issues.

"The fourth sentence does not require the district court to choose between entering a final judgment and remanding; to the contrary, it specifically provides that a district court may enter judgment 'with or without remanding the cause for a rehearing.'" *Sullivan v. Finkelstein,* 496 U.S. 617, 110 S.Ct. 2658, 2666, 110 L.Ed.2d 563 (1990). The court did not substantively rule on the correctness of the Secretary's determination. The court specifically retained jurisdiction pending final resolution of the action by requiring the Secretary to report his findings and conclusions to the court within 120 days. Thus, there was no final judgment, and no sentence four remand.

The Secretary cites to *Finkelstein* to support his position. While some language in *Finkelstein* supports the Secretary's po-

sition, *Finkelstein,* overall, actually supports claimant's position. In *Finkelstein* the court resolved the issue of whether the remand order issued by the district court was immediately appealable. *See Finkelstein,* 110 S.Ct. at 2663. In *Finkelstein* the District Court entered a judgment reversing the decision of the Secretary and remanding the cause for a rehearing. The United States Supreme Court ruled that the District Court's remand order was unquestionably a "judgment," because it terminated the civil action challenging the Secretary's final determination that respondent was not entitled to benefits and set aside that determination. *See Sullivan,* 110 S.Ct. at 2664.

By contrast in the instant case the court's order did not terminate the civil action challenging the Secretary's final determination. The court expressly declined to rule substantively on the Secretary's determination and required the Secretary to return to the court.

The United States Supreme Court's decision in *Melkonyan* also supports the conclusion that the remand at bar was not a sentence four remand after a final judgment. The *Melkonyan* court stated:

The parties agree that the remand order in this case was not entered pursuant to sentence four, *as the District Court did not affirm, modify, or reverse the Secretary's decision. We concur. The District Court did not make any substantive ruling; it merely returned the case to the agency for disposition,* noting that both parties agreed to this course.

*Melkonyan,* 111 S.Ct. 2157, at 2163 (emphasis added).

In *Melkonyan* the Supreme Court stated that the District Court did not remand pursuant to sentence four. Unlike sentence four remands, the District Court retained jurisdiction of the action rather than remanding to the agency for all further proceedings. *See Melkonyan,* 111 S.Ct. at 2164. The facts of the instant case are similar to those surrounding the remand in *Melkonyan* and this court's determination, that the remand at bar was not a sentence

four remand, is consistent with the Supreme Court's decision in *Melkonyan*.

## 2. SENTENCE SIX

▆ The court notes that the facts upon which the remand order was predicated did not meet all of the requirements of a sentence six remand. No new evidence that was not available to the claimant at the time of the administrative proceeding which might have changed the outcome of the prior proceeding had come to light. *See Melkonyan*, 111 S.Ct. at 2163. However, a review of the record shows that the court actually intended a sentence six remand in its order. The court expressly stated its intent to retain jurisdiction by requiring the Secretary to report back in 120 days and declining to make a substantive ruling because of the lack of substantial evidence supporting or refuting claimant's claim. *See Melkonyan*, 111 S.Ct. at 2164. The court specifically instructed the Secretary to take tests in order to develop a full and fair record from which to make a reasonable decision based on substantial evidence. That the sentence six remand, to which the Secretary did not object on grounds of the court's lack of statutory authorization, may have been erroneous does not change the character of the remand to a sentence four remand.

In sentence six cases the filing period does not begin until after the post-remand proceedings are completed, the Secretary returns to court, the court enters a final judgment, and the appeal period runs. *See Melkonyan*, 111 S.Ct. at 2165. Claimant has thirty days, from the time the appeal period on the final judgment runs, to file for attorney fees pursuant to the EAJA.

## B. *Attorney Fees*

### 1. EAJA REQUIREMENTS

Claimant petitions the court for attorney fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 (West Supp.1991) (EAJA). Claimant has requested a rate of $90 per hour for the services of attorney, Tammy J. Lenzy, and $109 per hour for the services of attorney, JoAnn F. Villasenor. The attorneys provided 19.65 and 57.24 hours of service, respectively. Claimant has requested a total of $8,007.66 for attorney fees.

▆ To receive attorney fees pursuant to the EAJA, claimant must satisfy three prerequisites: (1) claimant must be a prevailing party; (2) the position of the Secretary must not have been substantially justified; and (3) claimant's case must not involve special circumstances that would make the award unjust. *See Hendricks v. Bowen*, 847 F.2d 1255, 1257 (7th Cir.1988).

▆ Claimant is a prevailing party in that she has received the benefit she sought in bringing suit. *Hensley v. Eckerhart*, 461 U.S. 424, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983). The present case does not involve any special circumstances that would make the award unjust. Finally, the Secretary was not substantially justified in taking his position. The burden is on the Secretary to establish that his position was substantially justified. *See Ferrell v. Pierce*, 743 F.2d 454, 466 (7th Cir.1984). The Secretary does not contest claimant's statement that the Secretary was not substantially justified and, therefore, has not satisfied this burden. Also, this court observes that the Secretary was not substantially justified based on the already stated finding that the record was devoid of anything upon which a decision could be substantially based.

## 2. REASONABLENESS OF REQUEST
### a. *Hourly Rate*

▆ The Secretary argues that claimant's request is unreasonable and should be reduced. The Secretary states that the only evidence of reasonableness submitted by claimant is her conclusory assertion that the hourly rates she requested are reasonable and below the hourly rate prevalent for counsel of similar experience. Therefore, she has not established that the hourly fees she requests are reasonable. The Secretary also argues that claimant did not establish that an increase in the cost of living or a special factor justifies a fee greater than the EAJA statutory cap of $75 per hour.

Claimant replies that courts routinely add cost of living adjustments to the $75.00 EAJA rate. *Boyce v. Sullivan,* 754 F.Supp. 126, 129 (N.D.Ill.1990). Claimant has not replied to the Secretary's statement that claimant has not submitted evidence as to the prevalent hourly rate for counsel of similar experience.

Claimant's attorneys submitted evidence on their experience. Ms. Villasenor works for the Legal Assistance Foundation of Chicago (LAFC). From March 1987 until November 1990, approximately seventy percent of her caseload involved administrative work and litigation in the area of government benefits. Ms. Lenzy also works for LAFC and has worked on various administrative appeals. The court notes that claimant has not submitted evidence as to the prevalent rate of similarly experienced attorneys.

Although the court finds that the $109 and $90 hourly rate requests are reasonable, the rates awarded must be consistent with the EAJA $75 per hour cap.

> "[F]ees and other expenses" includes ... reasonable attorney fees ... except that (ii) attorney fees shall not be awarded in excess of $75 per hour unless the court determines that an *increase in the cost of living* or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

28 U.S.C.A. § 2412(d)(2)(A)(ii) (emphasis added). The Seventh Circuit has acknowledged this court's authority to consider cost of living increases to enhance the fee rate. *Hicks v. Bowen,* 702 F.Supp. 648, 651 (1988). The court will adjust claimant's counsels' hourly rates so as to comply with the EAJA.

*b. Reasonable Hours*

The Secretary objects to 2.81 hours expended by claimant's attorney to obtain extensions of time and 6.33 hours in which claimant's attorney consulted with other attorneys. Claimant states that the time her attorneys spent consulting with more experienced attorneys was necessary to insure that she was represented in an efficient and competent manner. Claimant does not request compensation for these more experienced attorneys with whom her counsel consulted. Claimant has not addressed the reasonableness of the hours expended by attorney Villasenor to obtain extensions of time.

The court finds the consultation hours to be reasonable. Consultation with other experienced attorneys, who are not billing for the time, may actually decrease the time necessary to devote to a case. However, the court finds that the hours expended for obtaining extensions of time were not reasonably necessary.

The court shall determine the fee award consistent with the foregoing findings.

**ATTORNEY'S FEES ADJUSTED FOR INFLATION ACCORDING TO THE CONSUMER PRICE INDEX FOR URBAN CONSUMERS (CPI–U)**

Attorney Villasenor:

CPI–U, Oct, 1981 (the month the EAJA went into effect) = 279.9.

CPI–U, Annual Average, **1987** = 340.4
    340.4 − 279.9 = 60.5
    60.5/279.9 = ^21.61%
        21.61% @ $75 = $16.21
        $16.21 + $75 = **$91.21**

CPI–U, Ann. Avg., **1988** = 354.3
    354.3 − 279.9 = 74.4
    74.4/279.9 = ^26.58%
        26.58% @ $75 = $19.94
        $19.94 + $75 = **$94.94.**

CPI–U, Ann. Avg., **1989** = 371.3
    371.3 − 279.9 = 91.4
    91.4/279.9 = ^32.65%
        32.65% @ $75 = $24.49
        $24.49 + $75 = **$99.49**

CPI–U, Ann. Avg., **1990** = 391.4
    391.4 − 279.9 = 111.50
    111.50/279.9 = ^39.84%
        39.84% @ $75 = $29.88
        $29.88 + $75 = **$104.88**

| Year | Tot Hrs | @ | Adjusted Rate | = | Tot Fees |
|---|---|---|---|---|---|
| 1987 | 3.00 | @ | $ 91.21 | = | $ 273.63 |
| 1988 | 40.90 | @ | $ 94.94 | = | $3,883.05 |
| 1989 | 2.82 | @ | $ 99.49 | = | $ 280.56 |
| 1990 | 8.21 | @ | $104.88 | = | $ 861.06 |
| | | | | | $5,298.30 |

Attorney Lenzy:

CPI–U, Average (January—March), **1991** = 403.73
    403.73 − 279.9 = 123.83
    123.83/279.9 = ^44.24%
        44.24% @ $75 = $33.18
        $33.18 + $75 = **$108.18**

---

Claimant has requested $90 per hour for Ms. Lenzy's services. $90 per hour is below the EAJA maximum, inflation-adjusted rate of $108.18. Therefore, the court will award claimant's requested $90 hourly rate.

| Year | Tot Hrs | @ | Requested Rate | = | Tot Fees |
|---|---|---|---|---|---|
| 1991 | 31.65 | @ | $90.00 | = | $2,848.50 |

$5,298.30 + $2,848.50 = $8,146.80

**TOTAL ATTORNEY FEES = $8,146.80**

---

ORDERED: The court enters final judgment for claimant, Glendine Burr, that she is disabled under the Social Security Act since June 20, 1985, and that her disability has continued at least through the date of the Administrative Law Judge's decision.

The court awards attorney fees of $8,146.80 for Glendine Burr and against Louis Sullivan, M.D., Secretary, Department of Health and Human Services.